TEXTO COMPLETO DE LA RESOLUCION
El Procurador General de Puerto Rico solicita la revisión de una resolución decretada por una magistrada del Tribunal de Primera Instancia, Sala Superior de Ponce, durante la celebración de una vista preliminar, en la cual se ordenó el archivo de sendas denuncias presentadas contra Rubersindo Rivera Hernández por su alegada violación a la Ley para la Prevención e Intervención con la Violencia Doméstica, y por la comisión de una agresión agravada. El Procurador General de Puerto Rico plantea que el tribunal recurrido incurrió en un abuso de discreción al archivar tales denuncias al amparo de la Regla 247 (b) de las de Procedimiento Criminal, sin permitir que presentase la evidencia que pretendía presentar en la vista preliminar. Antes de dilucidar este planteamiento, pasamos a hacer una exposición del contexto en que se suscita, según surge de la relación hecha por el Procurador General en su recurso, la cual no fue objetada por el recurrido, a quien se le concedió una oportunidad para mostrar causa por la cual no debía expedirse el auto, y no compareció.
I
El 27 de mayo de 2000, el Ministerio Público presentó dos denuncias contra Rivera Hernández por violación *890 al artículo 3.2 de la Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. see. 632, y al artículo 95 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 4032. La vista preliminar fue señalada para el 14 de agosto de 2000. Ese día, la representación legal de Rivera Hernández le informó al Tribunal que la alegada víctima no tenía interés en proseguir con el procedimiento, por lo que solicitó el archivo de los cargos, una vez se cumpliera con los criterios establecidos en Pueblo v. Castellón Calderón, res. el 12 de mayo de 2000, 2000 JTS 84. El Ministerio Público se opuso a que se archivara el caso por ese motivo. No obstante, la magistrada le ordenó que entrevistara a Torres Rodríguez para indagar porqué no tenía interés. Sin embargo, ella reiteró que no tenía interés en el caso, sin ofrecer explicación alguna. Ante tal situación, el Ministerio Público solicitó que celebrara la vista preliminar.
Luego de juramentar a los testigos del Estado, Octavio Irizarry, agente de la Policía de Puerto Rico, Emie Rivera Torres y la alegada víctima, Mariselis Torres Rodríguez, la magistrada le ordenó a Torres Rodríguez que se sentara a declarar, a lo que el Ministerio Público objetó porque interesaba sentar a declarar, primeramente, al agente Irizarry, quien investigó la querella. La magistrada le preguntó al Ministerio Público si el agente iba a declarar por investigación o creencia, o por conocimiento propio, a lo que se le indicó que iba a declarar sobre las declaraciones espontáneas por excitación que le hizo Torres Rodríguez durante la investigación, en armonía con lo dispuesto por la Regla 65 (b) de Evidencia.
No obstante, ante la objeción de la magistrada a que el agente investigador declarara, el Ministerio Público sentó a Torres Rodríguez como testigo. Se le preguntó su nombre, dirección y estado civil, pero cuando se le preguntó sobre los hechos imputados en las denuncias, ésta señaló que no tenía interés y que no quería declarar sobre los hechos imputados a Rivera Hernández. Sin embargo, declaró que ella le había solicitado ayuda al Departamento de Familia donde le habían asignado una trabajadora social para que le hiciera una evaluación y le brindara ayuda sicológica a la familia. Además, declaró que la trabajadora social refirió al imputado al Departamento de Servicios Contra la Adicción, DSCA, hoy Administración;de Servicios de Salud Mental y Contra la Adicción, ASSMCA, para que le evaluaran para un tratamiento de alcoholismo. El Ministerio Público le requirió evidencia escrita sobre tales gestiones, pero Torres Rodríguez no la presentó, ni reveló el nombre de la trabajadora social. La magistrada le preguntó a Torres Rodríguez si el imputado estaba dispuesto a ir a tratamiento, a lo que ella contestó que sí. Sin embargo, Torres Rodríguez señaló que el imputado aún no había asistido a ASSMCA porque la cita era la semana siguiente. Tampoco se presentó evidencia de esa cita.
El Ministerio Público planteó que no se había presentado evidencia de que el imputado estuviese obligado a recibir un tratamiento, por lo que la continuación del procedimiento criminal era la mejor opción para que se le obligara a seguir un tratamiento bajo la supervisión del tribunal. El Ministerio Público manifestó, además, que tenía unas fotografías como parte de la evidencia de la agresión física que el imputado alegadamente le propinó a Torres Rodríguez. No obstante, la magistrada archivó las denuncias al amparo de la Regla 247 (b) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.
II
La Regla 247 (b) de las de Procedimiento Criminal establece la facultad del tribunal de archivar y sobreseer una denuncia o acusación motu proprio cuando ello sea conveniente para los fines de la justicia y previa celebración de una vista con la participación del Ministerio Público. En Pueblo v. Castellón Calderón, supra, el Tribunal Supremo de Puerto Rico estableció que antes de archivar un caso bajo la Regla 247 (b), deben considerarse los siguientes criterios:

“(1) la evidencia con la que cuenta el Ministerio Público para establecer su caso, (2) la naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar, (4) el tiempo que el acusado lleva encarcelado, (5) la posibilidad de amenaza u hostigamiento, (6) la probabilidad de que en el juicio pueda traerse evidencia nueva o adicional, y (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos. ”

Además de estos criterios, el Tribunal Supremo señaló que se debe considerar la naturaleza de la denuncia o acusación, incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan *891 casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado.
El Tribunal Supremo aclaró que el hecho de que estos criterios deben considerarse, no significa que todos tengan que concurrir para que se justifique el archivo. Asimismo, se pueden tomar en cuenta otros factores que permitan hacer un balance adecuado entre la libertad del imputado y el interés público en procesar a los responsables de actos delictivos. Por último, el Tribunal Supremo señaló que en los casos en que se imputa una violación a la Ley para la Prevención e Intervención con la Violencia Doméstica, se debe considerar si el Ministerio Público cuenta con prueba suficiente para establecer su caso, si la falta de interés de la alegada víctima responde a un plan auténtico para establecer una buena convivencia familiar, y si la alegada víctima y el imputado demuestran que están recibiendo ayuda profesional para modificar la conducta del agresor.
En el caso de autos, al igual que en Pueblo v. Castellón Calderón, supra, la representación legal del imputado le informó a la magistrada que la alegada víctima de los delitos no tenía interés en proseguir con los cargos. Sin embargo, contrario a lo pautado en Pueblo v. Castellón Calderón, supra, el archivo de las denuncias se basó sustancialmente en la falta de interés de Torres Rodríguez, sin considerarse la prueba con la que contaba el Ministerio Público para presentar en la vista preliminar y sin existir prueba de que la alegada víctima y el agresor imputado estén recibiendo la ayuda y el tratamiento debido. En tales circunstancias, la magistrada abusó de su discreción al archivar las denuncias al amparo de la Regla 21.7 (b) de las de Procedimiento Criminal. La discreción judicial no es ilimitada y absoluta. El abuso de discreción se puede manifestar, entre otras maneras, cuando el magistrado no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante, que no debió ser pasado por alto. Pueblo v. Ortega Santiago, 125 D.P.R. 203 (1990).
Por los fundamentos expuestos anteriormente, se expide el auto, se deja sin efecto la resolución recurrida y se ordena continuar el procedimiento de vista preliminar, de forma consistente con lo aquí resuelto.
Lo acuerda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General