EL PUEBLO DE PUERTO RICO, recurrido, *v.* EFRAÍN ORTEGA SANTIAGO, acusado y peticionario.

*Número:* CE-89-266 *Resuelto:* 23 de enero de 1990

---

*Alma Delgado Vda. de Torres* y *Manuel Torres Delgado*, abogados del peticionario; *Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General*, y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Como consecuencia de un altercado familiar ocurrido el 31 de julio de 1988 entre el peticionario Efraín Ortega Santiago, su esposa y su suegra, agentes de la Policía de Puerto Rico se personaron a la residencia donde éstos convivían. Informado por los referidos agentes del orden público de su inminente arresto, el peticionario Ortega Santiago alegadamente resistió el mismo. Con motivo de estos hechos, el Ministerio Fiscal radicó ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, sendos pliegos acusatorios contra Ortega Santiago en los cuales le imputó haber infringido el Art. 4 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 414, y los Arts. 95(E), 256 y 260 del Código Penal de Puerto Rico, 33 L.P.R.A. secs. 4032, 4491 y 4521, respectivamente.

Llegado el día del juicio —y según ello surge de la minuta que recoge los procedimientos acaecidos ante el tribunal de instancia el día 28 de noviembre de 1988— la representante legal del peticionario Ortega Santiago, Lcda. Alma Delgado Vda. de Torres, le informó a dicho tribunal no estar prepa-

rada para el acto del juicio. Alegadamente el peticionario, por razón de enfermedad, no había podido acudir a la oficina de la licenciada Delgado Vda. de Torres, hecho que había imposibilitado la preparación del caso. La distinguida abogada no sólo solicitó la posposición del juicio sino, también, que se le relevara como abogada de récord.[1] El ilustrado magistrado que presidió los procedimientos, Hon. Félix A. Ortiz Juan, se negó rotundamente a ello. Instruyó a la licenciada Delgado Vda. de Torres para que "dialogara" con su representado, dejando el caso para un "turno posterior".

Llamado el caso nuevamente en la sesión de la tarde, en virtud de una *"alegación preacordada"* llevada a cabo entre el representante del Ministerio Fiscal y la del peticionario Ortega Santiago, éste procedió a hacer alegación de culpabilidad por los delitos de infracción a los Arts. 256 y 260 del Código Penal, 33 L.P.R.A. secs. 4491 y 4521, solicitando el Estado el archivo de las acusaciones referentes al Art. 95(E) del Código Penal y la del Art. 4 de la Ley de Armas de Puerto Rico, *supra.* El tribunal de instancia, a solicitud de la defensa, refirió el caso para estudio e informe de la oficina de oficiales probatorios. Ello no obstante, ordenó el ingreso del peticionario Ortega Santiago en una institución penal hasta el día del pronunciamiento de sentencia, la cual señaló para el 20 de enero de 1989.

En dicha fecha, previo examen del informe rendido por el oficial probatorio, el tribunal de instancia le impuso al peticionario Ortega Santiago una pena de tres años de reclusión en el caso del citado Art. 256 del Código Penal y seis meses de cárcel en relación con la convicción por el delito de infracción al Art. 260 del Código Penal, *supra,* ambas penas a ser

---

[1] Informa la Lcda. Alma Degado Vda. de Torres, en el recurso de *certiorari* que radicara en representación de su cliente, que el presente caso "cierra o termina su vida profesional de cuarenta y ocho años en el ejercicio de la Profesión Legal", situación que le informó al tribunal de instancia el día 28 de noviembre de 1988.

cumplidas en forma concurrente. *No obstante ser favorable el informe del oficial probatorio, el foro de instancia le denegó al peticionario Ortega Santiago los beneficios de una sentencia suspendida.* Solicitada en corte abierta la reconsideración de dicha determinación —*y a pesar de que el Ministerio Fiscal manifestó allanarse a la misma*— el tribunal de instancia se reafirmó en su decisión denegatoria de la probatoria.

Inconforme, el peticionario Ortega Santiago acudió en *certiorari* ante este Tribunal.(²) Mediante Resolución de 25 de mayo de 1989, le concedimos término al magistrado de instancia para que expusiera por escrito "las razones o fundamentos que tuvo para denegarle al peticionario Efraín Ortega Santiago los beneficios de una sentencia suspendida . . .".

Informados de que el Hon. Félix A. Ortiz Juan se encontraba disfrutando de vacaciones regulares, por Resolución de 15 de junio de 1989, en auxilio de nuestra jurisdicción, instruimos al Juez Administrador del Centro Judicial de Bayamón para que, sin dilación alguna, procediera a celebrar una vista con el propósito de fijarle una fianza razonable, acorde con su capacidad económica, al peticionario Ortega Santiago con el propósito de que éste pudiera permanecer en libertad mientras se dilucidaba el presente recurso de *certiorari*.(³)

El Hon. Juez Ortiz Juan compareció en cumplimiento de nuestra Resolución de fecha 29 de mayo de 1989. En su comparecencia, el mencionado magistrado brinda como funda-

---

(²) En el recurso radicado, el peticionario Ortega Santiago le imputa al foro de instancia la supuesta comisión de seis errores. En vista de la conclusión a la que llegamos, se hace innecesario la discusión por separado y detallada de los mismos.

(³) Por resolución de fecha 21 de junio de 1989, el Hon. Ramón E. Gómez Colón, Juez Administrador del Centro Judicial de Bayamón le fijó al peticionario Ortega Santiago fianzas montantes a $1,700.00, la cual éste prestó.

mento principal de su decisión denegatoria de la probatoria el hecho de que las agresiones contra los policías han aumentado en nuestra jurisdicción en "forma vertiginosa desde hace unos dos o tres años, lo que es de conocimiento general en la comunidad . . .". Como dato curioso, merece mencionarse que el Juez Ortiz Juan adicionalmente señala en su comparecencia que "estaba en proceso de reconsiderar" la determinación en controversia, habiéndole negado la defensa dicha oportunidad al radicar el presente recurso.

Mediante Resolución de 31 de agosto de 1989 le concedimos término al Procurador General de Puerto Rico para que mostrara causa por la cual no debíamos expedir el auto de *certiorari* radicado y dictar sentencia "modificatoria de la dictada en el presente caso por el tribunal de instancia a los efectos de concederle al peticionario Ortega Santiago los beneficios de una sentencia suspendida". El Procurador General ha comparecido. Procede resolver según lo intimado en nuestra Resolución de fecha 31 de agosto de 1989.

## I

En lo pertinente al asunto ante nuestra consideración, hemos resuelto que la decisión o determinación de conceder o no los beneficios de una sentencia suspendida a un convicto de delito que prima facie cualifica para recibir dichos beneficios *descansa en la sana discreción* del tribunal sentenciador, *Vázquez v. Caraballo*, 114 D.P.R. 272 (1983); que a dicha determinación le cobija la presunción de ser una justa y correcta, *Pueblo v. Pérez Bernard*, 99 D.P.R. 834 (1971); que el informe que rinde al tribunal el oficial probatorio, y su recomendación sobre la concesión o no de una sentencia suspendida al convicto, *no* obliga al juez sentenciador, *Pueblo v. Martínez Rivera*, 99 D.P.R. 568 (1971); que aun cuando la carencia de antecedentes penales es una circunstancia favorable para el convicto que aspira a recibir los be-

neficios de una sentencia suspendida, dicha circunstancia, por sí sola, no es suficiente para recibir dichos beneficios, *Pueblo v. Luciano*, 77 D.P.R. 597 (1954), y que, en casos de alegaciones de culpabilidad, no hay nada que impida que el juez de instancia examine el expediente fiscal con el propósito de conocer los hechos que dieron lugar a la radicación de los cargos criminales y así poder estar en mejor posición de ejercer esa discreción, *Pueblo v. Feliciano*, 67 D.P.R. 247 (1947).

█ Discreción, naturalmente, significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. En el ámbito judicial, sin embargo, el mencionado concepto "no significa poder para actuar en una forma u otra, *haciendo abstracción* del resto del Derecho . . .". (Énfasis suplido.) *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964).

█ No resulta fácil precisar cuándo un tribunal de justicia incurre en un abuso de discreción. No tenemos duda, sin embargo, *de que el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad.* Como expresáramos en *Pueblo v. Sánchez González*, ante, pág. 200, "[d]iscreción es, pues, una *forma de razonabilidad aplicada al discernimiento judicial* para llegar a una conclusión justiciera . . .". (Énfasis suplido.)

█ El abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. Se incurre en ello, entre otras y en lo pertinente, cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusiva-

mente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos.

En relación con lo antes expresado, debe mantenerse presente que —si bien es cierto que es sobre los hombros de los señores jueces de instancia sobre los cuales recae, de manera inicial y principal, la decisión de conceder o no a un convicto de delito los beneficios de una sentencia suspendida y que, de ordinario, respetaremos la decisión que en el ejercicio de esa discreción judicial ellos emitan— la amplia discreción judicial que dichos magistrados poseen en esta clase de situaciones no es una ilimitada y absoluta. En consecuencia, éste Tribunal estará siempre presto a entender en todo caso en que, a nuestro juicio, el juez de instancia haya incurrido en un abuso de discreción al denegar, o conceder, a un convicto de delito los beneficios de una sentencia suspendida. *Pueblo v. Sánchez González*, ante; *Pueblo v. Laboy*, 110 D.P.R. 164 (1980). El presente caso es un vivo ejemplo de ello.[4]

## II

Establece el Art. 2 de la Ley de Sentencia Suspendida,[5] 34 L.P.R.A. sec. 1027, en lo pertinente, que:

> El Tribunal Superior *podrá* suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere asesinato, robo, incesto, extorsión, violación, crimen contra natura, actos lascivos o impúdicos cuando la víctima fuere menor de 14 años, secuestro, escalamiento, incendio malicioso, sabotaje de servicios públicos esenciales, infracción a

---

[4] Como ejemplo adicional del "abuso de discreción judicial", véase *Pueblo v. Marrero Ramos, Rivera López*, 125 D.P.R. 90 (1990).

[5] Ley Núm. 259 de 3 de abril de 1946, según enmendada.

las secs. 415 y 416 del Título 25 en su modalidad de delito grave, 418 y 420 del propio título, o cualquier violación a las secs. 561 *et seq.* del Título 25, que constituya delito grave y cualquier delito grave que surja como consecuencia de la posesión o uso ilegal de explosivos o sustancias que puedan utilizarse para fabricar explosivos o detonadores, artefactos o mecanismos prohibidos por las referidas secs. 561 *et seq.* del Título 25, y podrá asimismo suspender los efectos de la sentencia que [se] hubiere dictado en todo caso de delito menos grave que surja de los mismos hechos o de la misma transacción que hubiere dado lugar, además, a sentencia por delito grave que no fuere de los excluidos de los beneficios de las secs. 1026 *et seq.* de este título, incluyendo el caso en que la persona haya sido declarada no culpable en dicho delito grave o rebajado dicho delito grave a delito menos grave y así convicta, y ordenará que la persona sentenciada quede en libertad a prueba *siempre que* al tiempo de imponer dicha sentencia concurran todos los requisitos que a continuación se enumeran:

(1) Que *dicha persona,* con anterioridad a la fecha en que se intente suspender la sentencia dictada, no hubiere sido convicta, sentenciada y recluida en prisión por delito grave alguno con anterioridad a la comisión del delito por el cual fuere procesada; y a la cual no se hubieren suspendido los efectos de una sentencia anterior por delito grave;

(2) que las circunstancias en que se cometió el delito no evidencien que existe *en el autor del mismo* un problema de conducta o de carácter para cuya solución favorable, en interés de la debida protección de la comunidad, se requiera la reclusión de *dicha persona* en alguna de las instituciones penales de Puerto Rico;

(3) que el juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social *de la persona sentenciada,* y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida *de esa persona* evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para

ella persigue la ley como medida de protección adecuada a la comunidad. (Énfasis suplido.)

 El juez, so pretexto de ejercer su discreción, *no* puede olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia, que han tenido a bien promulgar los funcionarios de las Ramas Legislativa y Ejecutiva debidamente electos por este Pueblo. Los tribunales estamos autorizados a *interpretar* las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma; o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere. Estamos impedidos, sin embargo, de obviar los mandatos claros y específicos de una ley cuando la misma es constitucionalmente válida. Debido a lo anterior es que ni los magistrados de instancia ni este Tribunal están facultados para descartar de un plumazo las disposiciones de la Ley de Sentencia Suspendida —en específico, las del parcialmente antes transcrito Art. 2— al enfrentarse a una situación en que deben decidir si le conceden o no los beneficios de una sentencia suspendida a un convicto de delito.

Es por ello que realmente resulta difícil de comprender y aceptar el proceder del tribunal de instancia en el presente caso. Aparte del hecho un tanto inusitado de que dicho foro, luego de que el peticionario hiciera alegación de culpabilidad, ordenara la reclusión de éste en una institución penal hasta tanto dictara sentencia, un examen de las disposiciones legales pertinentes y del expediente completo del caso revela que, sin lugar a dudas, el peticionario es acreedor a recibir los beneficios de una sentencia suspendida; *hecho al que, inclusive, se allanara el Ministerio Fiscal a nivel de instancia.*

Como hemos visto, el citado Art. 2 de la Ley de Sentencia Suspendida exige, para la concesión de los beneficios que la misma provee, la concurrencia de tres requisitos. El peticionario cualifica en relación con todos y cada uno de dichos requisitos. Éste no tiene antecedentes penales que lo descalifiquen ipso facto para recibir los beneficios de una probatoria, por lo que cumple cabalmente con el primero de ellos. En cuanto a los restantes dos requisitos, un examen del expediente y del informe rendido por el oficial probatorio —*el cual, recordaremos, contiene la recomendación de que se conceda la probatoria*— revela que el peticionario es un hombre aceptado y querido por sus vecinos; que fue "perdonado" por los perjudicados de los delitos imputados, y que siempre ha sido un hombre trabajador que se ha ganado la vida con el sudor de su frente. A lo anterior debemos añadirle el hecho de que, si bien los delitos por los cuales el peticionario hizo alegación de culpabilidad son unos que conllevan violencia, los referidos delitos fueron cometidos por éste mientras se encontraba en un estado de excitación y de embriaguez, situación que no es usual en dicha persona. Forzosa, en consecuencia, resulta la conclusión de que las circunstancias en que éste cometió el delito no evidencian "un problema de conducta o de carácter", como tampoco ninguno de los aspectos de la vida de dicha persona, indican o requieren que éste sea recluido en una institución penal en protección de la sociedad o con el propósito de lograr su rehabilitación.

Ante esta inescapable realidad, el tribunal de instancia fundamentó su determinación denegatoria de la probatoria en el hecho de que las agresiones contra los miembros de la Policía de Puerto Rico han aumentado en forma vertiginosa durante los últimos años en nuestra jurisdicción. *La preocupación, no hay duda, es legítima y nos concierne a todos.*

216

 Estamos contestes en que al emitir una decisión sobre un caso en particular, el juez puede tomar en consideración lo que está aconteciendo en la sociedad en que él convive y desempeña su cargo y que resulta ser relevante y material a la situación de hechos ante su consideración. *Después de todo no vivimos en un mundo utópico y ficticio donde las normas de derecho a ser establecidas no tengan que ser atemperadas a la realidad de la vida.* El acontecer diario, por tanto, *es un factor o hecho adicional* que puede ser tomado en consideración por el juez al emitir su decisión *junto a todos los demás factores o circunstancias pertinentes y relevantes* a la controversia específica a ser resuelta. *No es jurídicamente permisible, sin embargo, que el juez utilice ese diario acontecer como única base de la decisión que emite; mucho menos, naturalmente puede constituir exclusivo fundamento de una decisión judicial la opinión personalísima que el juez tenga sobre qué es lo más que le conviene a nuestra sociedad.*

 En otras palabras, respecto a la concesión o no de una sentencia suspendida, ningún imputado de delito debe ser utlizado por los tribunales de instancia como "escarmiento o disuasivo" para todos los delincuentes que hayan cometido delitos similares al que a ellos se le imputa ni para aquellos que están pensando en incurrir en dichos delitos en el futuro. *Las disposiciones del antes citado Art. 2 de la Ley de Sentencia Suspendida son claras*: hay que analizar y determinar si *la persona específica* ante el tribunal —que reclama la concesión del privilegio— es acreedor o no al mismo; *ello de acuerdo a las virtudes y defectos que esa persona posea, no exclusivamente conforme a la conducta observada por el resto de la ciudadanía en general.*

 Ese precisamente fue el error que cometió el tribunal de instancia en el presente caso. Ejercitó la sensitiva y discrecional facultad que le confiere la Ley de Sentencia Sus-

pendida *exclusivamente* a base de criterios *ajenos* a la persona del peticionario. Al así actuar incurrió en un claro y craso abuso de discreción.

 Los magistrados de instancia deben mantener presente que la determinación de conceder o no a un convicto de delito los beneficios de la Ley de Sentencia Suspendida *es una sumamente delicada e importante que requiere el ejercicio de un alto grado de sensibilidad judicial.* En la misma está en juego nada más y nada menos que la libertad de un ser humano quien, no obstante haber sido convicto de la comisión de un delito, tiene por mandato legislativo —*y sujeto al ejercicio de una juiciosa y sana discreción judicial*— la oportunidad de regenerar su vida dentro de la libre comunidad y así convertirse en un ciudadano útil para nuestra sociedad.

### III

Habiendo incurrido el Tribunal Superior de Puerto Rico, Sala de Bayamón, en un claro abuso de discreción al denegarle al aquí peticionario los beneficios de la Ley de Sentencia Suspendida, *procede expedir el auto de "certiorari" radicado y dictar sentencia revocatoria de la determinación emitida por el referido foro denegándole a éste los beneficios mencionados. En consecuencia, se devuelve el caso al tribunal de instancia para que éste disponga las condiciones que debe observar el peticionario mientras disfrute de la sentencia suspendida que hoy le concedemos.*(6)

*Se dictará sentencia de conformidad.*

---

(6) En el recurso de *certiorari* que en representación del peticionario Ortega Santiago radicara ante este Tribunal la Lcda. Alma Delgado Vda. de Torres, ésta le imputa al Hon. Juez Félix A. Ortiz Juan haber violado los Cánones 11, 16 y 17 de Ética Judicial, 4 L.P.R.A. Ap. IV-A, al haberle "maltratado, ofendido y humillado" en el transcurso de los procedimientos habidos en el presente caso a nivel de instancia. *Entendemos procedente no tomar acción ulterior alguna respecto a dicha queja.* En consecuencia, se ordena el archivo definitivo de la misma.