Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| PHOENIX ACQUISITIONS, LLC<br>Recurrida<br><br>v.<br><br>FRANCISCO J. RIVERA FERNÁNDEZ<br><br>AURORA SOFÍA VALLADARES DÍAZ<br>Peticionaria | KLCE202301100 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número:<br>K AC2015-0885<br><br>Sobre:<br>Sentencia en consentimiento en cobro de dinero |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece ante nos la Sra. Aurora S. Valladares Diaz (Sra. Valladares o Peticionaria) y nos solicita que se deje sin efecto la *Resolución* del Tribunal de Primera Instancia, Sala de Superior de San Juan emitida el 21 de septiembre de 2023 y notificada el 22 de septiembre de 2023. Mediante dicho dictamen, el Tribunal declaró *No Ha Lugar* la moción de la Sr. Valladares por la cual solicitaba la paralización de la ejecución de la Sentencia por Consentimiento que habían acordado las partes.

Por los fundamentos discutidos a continuación, se *deniega* la expedición del recurso.

**I.**

Para el 23 de marzo de 2017, el Tribunal de Primera Instancia dictó sentencia en conformidad con la *Moción de Sustitución de Parte y para que se dicte sentencia por consentimiento* presentada el 9 de

marzo de 2017.[1] En esta, las partes se sometieron voluntariamente a la jurisdicción del Tribunal y quedaron obligados al cumplimiento de sus términos, incluyendo la venta del inmueble objeto de este pleito. Luego de varios incidentes procesales, dentro de los cuales estuvo una Moción para que se le ordenase a la Peticionaria el cumplimiento del acuerdo,[2] y una *Moción de Relevo de Sentencia* instada por la Peticionaria,[3] el TPI emitió una *Orden de Ejecución de Sentencia y Venta de Bienes* y un *Mandamiento de Ejecución de Sentencia* el 23 de febrero de 2023.[4] Ya para el 14 de abril de 2023 el TPI había emitido un *Mandamiento de Embargo* para proceder con el embargo de los bienes muebles e inmuebles perteneciente a la Sr. Valladares por la suma mínima de $12,223,211.91.[5]  Luego de que se presentara dicho mandamiento en el Registro de la Propiedad y de que el TPI expidiera el edicto para la subasta, la Peticionaria recurrió al TPI para presentar una *URGENTE MOCIÓN DE RELEVO Y/O PARALIZACIÓN DE "Orden de Ejecución de Sentencia y Venta de Bienes" Y LAS ÓRDENES DICTADAS Y MANDAMIENTOS EXPEDIDOS SUBSIGUIENTEMENTE*. La referida moción fue declarada *No Ha Lugar* el 21 de septiembre, por lo cual la Peticionaria presentó una *Urgente Moción de Reconsideración*, la cual fue denegada el 28 de septiembre de 2023 y notificada al siguiente día.

Inconforme, la Sr. Valladares, recurre ante este Tribunal y solicita que dejemos sin efecto la *Orden de Ejecución* y el *Mandamiento de Ejecución,* así como cualquier orden o mandamiento posterior dictado por el Tribunal, y esboza los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL TPI AL DENEGAR EL RELEVO DE LA ORDEN DE EJECUCIÓN Y DE LA ORDEN DE EMBARGO**

---

[1] Anejo Pet. P.48-49.
[2] Anejo pet. P. 17-49 (21/feb/2017).
[3] Anejo pet. P. 55-76 (24/mar/2022).
[4] Anejo pet. P. 159-168.
[5] Anejo pet. P 182-186.

**CUANDO SON NULAS, YA QUE NI LAS MOCIONES SOLICITANDO LOS REMEDIOS, NI LAS ORDENES FUERON NOTIFICADAS A LA PETICIONARIA**

**ERRÓ EL HONORABLE TPI AL DENEGAR LA SOLICITUD DE CORREGIR EL TIPO MÍNIMO ESTABLECIDO, EL CUAL NO CORRESPONDE AL PACTADO**

**ERRÓ EL HONORABLE TPI AL DENEGAR LA SOLICITUD DE MEDIACIÓN COMPULSORIA CUANDO LA PROPIEDAD SE ENCUENTRA PROTEGIDA POR LA LEY DE HOGAR SEGURO, SIENDO LA RESIDENCIA DE LA PETICIONARIA Y SU HIJO MENOR DE EDAD**

El 19 de octubre de 2023, la parte recurrida presentó su *Alegato en Oposición a Recurso de Certiorari*. Con el beneficio de contar con las comparecencias de las partes, procedemos a resolver.

## II.

### a. Certiorari

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023). Véase, además, *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal

apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

## III.

Luego de examinar minuciosamente el expediente del recurso ante nuestra consideración, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Véase, *Pueblo v. Rivera Santiago, supra; Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*. En el presente caso, la peticionaria solicitó al Tribunal bajo juramento que dictara Sentencia y mediante el cual renunciaba a toda defensa que tuviera para negar el pago de la deuda. Así pues, no identificamos fundamentos jurídicos que nos motiven a expedir el auto de *certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, *denegamos* la expedición del auto de *certiorari* solicitado. En consecuencia, devolvemos el asunto al foro de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones