Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>V.<br><br>JUAN FRANCISCO TORRES HUERTAS<br><br>Peticionaria | KLCE202400733 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.<br>E LA2021G0124 al 0135<br>E OP2021G0014<br>E VI2021G0030 y 003<br><br>Sobre:<br>ART. 6.05(6C), 6.09 (2C); 6.14(4C) LA; ART. 2.44 CP; ART. 93(2C) CP |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de julio de 2024.

El peticionario, Juan Francisco Torres Huertas, solicita que revisemos la Resolución en la que el Tribunal de Primera Instancia (TPI) denegó la moción de supresión de identificación.

El señor Torres Huertas acompañó el recurso con una *Moción urgente solicitando paralización de procedimientos en auxilio de la jurisdicción de este Honorable Tribunal.*

El Tribunal de Apelaciones conocerá mediante auto de certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b). El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Es decir, contrario al recurso de apelación, el tribunal superior puede expedir el auto de certiorari de manera discrecional. *Pueblo v. Rivera Montalvo*, supra. Ahora bien, la discreción no es irrestricta. El ejercicio discrecional no

Número Identificador

RES2024_____

puede hacerse en abstracción del Derecho. *Pueblo v. Ortega Santiago*, 125 DPR 203, 214 (1990).

La Regla 40 del Reglamento del Tribunal de Apelaciones dirige nuestra decisión al expedir un recurso de certiorari en el ámbito penal. La misma nos invita a expedir el mismo, sujeto a sus criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Luego de examinar detenidamente el expediente del presente caso, y conforme a la discreción que ostentamos para expedir un recurso de *certiorari*, declinamos ejercer la misma. Así, pues, denegamos la expedición de este recurso y la *Moción urgente solicitando paralización de procedimientos en auxilio de la jurisdicción de este Honorable Tribunal.*

Nuestra determinación se fundamenta en la ausencia de criterios que justifique que intervengamos con la resolución en la que el TPI denegó la moción de supresión de identificación.

Por lo antes expuesto se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese inmediatamente.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones