ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MICHAEL DELGADO RODRÍGUEZ<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Recurrido | KLCE202500456 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Fajardo<br><br>Casos Núm.:<br>NBCI202400247<br>NBCI202400248<br>NBCI202400249<br><br>Sobre: Recurso de Revisión |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de mayo de 2025.

## I.

El 25 de abril de 2025, la parte peticionaria del título, Sr. Michael Delgado Rodríguez (señor Delgado Rodríguez), compareció mediante el presente recurso de *certiorari*. Solicitó la revocación de la *Orden* emitida el 20 de marzo de 2025, notificada el día 26 siguiente, por el Tribunal de Primera Instancia, Sala Municipal de Fajardo.[1] En dicha determinación, el foro *a quo* declaró No Ha Lugar una moción intitulada *Inconstitucionalidad de la Ley Núm. 22-2000, según enmendada, conocida como Ley de Vehículos y Tránsito de Puerto Rico.*[2]

En su escrito judicial, el peticionario arguyó que los Artículos 2.48 (C) y (E), 12.02 (A) y 12.07 (B) de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5001 *et seq.* (Ley Núm. 22-2000), eran inconstitucionales.[3] En esencia, fundamentó su reclamo en que,

---

[1] Apéndice del recurso, págs. 20-21.
[2] Apéndice del recurso, págs. 5-14.
[3] Artículo 2.48. — *Actos ilegales y penalidades*, 9 LPRA sec. 5048:

Número Identificador

RES2025_____

contrario a las pasadas décadas, en que el marbete visiblemente mostraba la fecha de su vencimiento, actualmente, con la implementación del sello digital no se provee una notificación adecuada a los propietarios de vehículos de motor. Planteó que ello violaba su debido proceso de ley, en su vertiente procesal, derecho consagrado en el Artículo II, Sección 7 de la Constitución de Puerto Rico. A base de lo anterior, solicitó la eliminación de los gravámenes anotados en su vehículo o su licencia.[4] Instó también al tribunal a notificar al Estado, por conducto del Secretario de Justicia.

Ante la negativa del foro municipal, el señor Delgado Rodríguez presentó el auto discrecional que nos ocupa y esbozó el siguiente señalamiento de error:[5]

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DESCARTAR CON UN ESCUETO "NO HA LUGAR" LA MOCIÓN DE INCONSTITUCIONALIDAD DE LA PARTE RECURRENTE, CUANDO DICHA MOCIÓN

---

(c) Conducir un vehículo de motor o tirar de un arrastre o semiarrastre por las vías públicas, sin llevar en el mismo copia del permiso, los documentos o membretes que en sustitución de dicho permiso autorizan a dicho vehículo a transitar. Toda persona que viole esta disposición incurrirá en falta administrativa y será sancionada con multa de cien (100) dólares.

.    .    .    .    .    .    .    .

(e) Conducir un vehículo de motor, arrastre o semiarrastre cuyos derechos estén vencidos. Toda persona que viole esta disposición incurrirá en falta administrativa y será sancionada con multa de cincuenta (50) dólares durante los treinta (30) días siguientes al vencimiento de los derechos o quinientos (500) dólares después de este término.

.    .    .    .    .    .    .    .

Artículo 12.02. — *Inspección periódica.* 9 LPRA sec. 5352:
Todo vehículo de motor que transite por las vías públicas, deberá ser sometido a inspecciones mecánicas periódicas cuando y conforme el Secretario lo disponga por reglamento. [...]

.    .    .    .    .    .    .    .

La fecha límite para inspeccionar un vehículo de motor coincidirá con la fecha de renovación del permiso del mismo y dicha inspección será requisito previo para la renovación. [...]

.    .    .    .    .    .    .    .

El incumplimiento de cualquiera de las disposiciones de este Artículo, se considerará falta administrativa y acarreará el pago de una multa de doscientos (200) dólares.

.    .    .    .    .    .    .    .

Artículo 12.07. — *Actos ilegales y penalidades.* 9 LPRA sec. 5357:

.    .    .    .    .    .    .    .

(b) Cualquier persona que conduzca un vehículo de motor por las vías públicas en violación a lo dispuesto en este Capítulo en cuanto a las condiciones mecánicas y los sistemas de control de emisiones de contaminantes, incurrirá en falta administrativa y será sancionada con multa de cien (100) dólares aun cuando el vehículo haya sido inspeccionado y así conste en su certificación.

[4] Boletos 92317000049, 92317000050 y 92317000051. Ni los boletos de las infracciones ni el recurso de revisión ante el TPI fueron incluidos en el Apéndice.
[5] El peticionario solicitó la reconsideración de la determinación judicial el 14 de abril de 2025, esto es, de manera tardía. Véase, Apéndice del recurso, págs. 22-29.

DISCUTE Y FUNDAMENTA LA NATURALEZA INCONSTITUCIONAL DE VARIAS DISPOSICIONES DE LA LEY NÚM. 22-2000, POR SER CONTRARIAS AL DEBIDO PROCESO DE LEY EN SU VERTIENTE PROCESAL.

El 30 de abril de 2025, notificada por correo el 7 de mayo de 2025, emitimos una *Resolución* y conferimos un término de diez días para que la parte recurrida, Departamento de Transportación y Obras Públicas, por conducto de la Oficina del Procurador General de Puerto Rico, presentara su postura. El 19 de mayo de 2025, el Procurador presentó una *Solicitud de Desestimación.* En síntesis, abordó los incumplimientos del peticionario en cuanto a la falta de acreditación de la notificación al TPI y las deficiencias del Apéndice.

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…" *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no significa hacer abstracción del resto del Derecho, ya que ese proceder constituiría,

en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra,* pág. 335

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari.* La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari,* así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra,* pág. 175.

En síntesis, la Regla 52.1 de Procedimiento Civil, *supra,* dicta que solamente podemos atender el recurso discrecional para revisar resoluciones u órdenes interlocutorias bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Además, por excepción, se podemos revisar órdenes o resoluciones interlocutorias que recurran determinaciones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Id.* **En el caso de denegar la expedición de un recurso de *certiorari,* no estamos obligados a fundamentar nuestra decisión**. *Id.*

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari,* nos guiamos por la

Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, **es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

En nuestra jurisdicción, se reconoce el derecho del ciudadano a un debido proceso de ley en toda actuación en la que el Estado intervenga con su vida, su libertad o su propiedad. Tal prerrogativa

se consagra en el Artículo II, Sección 7, de la Constitución de Puerto Rico y en las Enmiendas V y XIV de la Constitución de los Estados Unidos. Const. de P.R., Art. II, Sec. 7, LPRA, Tomo 1; Const. EE. UU., LPRA, Tomo 1. El debido proceso de ley es el "derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Com. PNP v. CEE et al. III*, 196 DPR 706, 713 (2016). En su vertiente procesal, el debido proceso de ley le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012). En virtud de ello, es norma firmemente asentada de que en todo procedimiento adversativo debe satisfacer los siguientes requisitos: "(1) **una notificación adecuada del proceso**; (2) un proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se fundamente en la evidencia presentada y admitida en el juicio". (Énfasis nuestro). *Natal Albelo v. Romero Lugo*, 206 DPR 465, 509 (2021); *Román Ortiz v. OGPe*, 203 DPR 947, 954 (2020); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 395 (2018); *Domínguez Castro et al. v. E.L.A. I*, 178 DPR 1, 47 (2010).

### III.

En la causa presente, el señor Delgado Rodríguez plantea que varios artículos de la Ley Núm. 22-2000, *supra*, son inconstitucionales, toda vez que el sello digital no provee un aviso visible de su fecha de vencimiento y, por ende, una notificación adecuada. Añade que tampoco "se recibe digitalmente aviso alguno sobre el vencimiento de derechos".[6] Sostiene que la falta de

---

[6] Véase, *Petición de Certiorari*, pág. 8.

notificación adecuada transgrede su derecho a un debido proceso de ley.

Por su parte, el recurrido aduce que debe imperar la autolimitación judicial. Expresa que el peticionario no ha demostrado la violación de ninguna de las garantías procesales del debido proceso de ley, sino que meramente se refiere a una nueva obligación al Estado, sin base para ello.

En este caso, si bien el recibo de un recordatorio adicional de la fecha de vencimiento del sello digital sería conveniente, lo cierto es que ya la licencia del vehículo que todo conductor posee consigna palmariamente la fecha de su expiración. Dicha fecha coincide con el momento en que el vehículo requiere inspección, si aplica, así como con la fecha del vencimiento del sello digital. Del mismo modo, el Centro de Servicios al Conductor, conocido por su acrónimo CESCO, de manera digital a través de su página web o la aplicación, provee la información de la fecha de vencimiento de la licencia del conductor, de la licencia vehicular y la del sello digital. También incluye un apartado de alertas y notificaciones anticipadas dirigidas al usuario. Así, pues, el agrado o desagrado de la forma en que el Estado notifica el vencimiento del sello digital no equivale a que se haya transgredido el debido proceso de ley del peticionario.

Evaluada la *Petición de Certiorari* y su Apéndice, surge palmariamente que no procede nuestra intervención. Somos de la opinión que el dictamen recurrido es cónsono con las normas de Derecho aplicables ante el reclamo de la inconstitucionalidad de un estatuto. Como se sabe, cuando se cuestiona la validez de una ley, primero se debe auscultar si existe una interpretación razonable que permita soslayar la cuestión constitucional. *Aut. Puertos PR v. Total Pretroleum et al.*, 210 DPR 16, 29 (2022); *Brau, Linares v. ELA et als.*, 190 DPR 315, 337 (2014). Nótese, además, que la Regla 21.3 de Procedimiento Civil, *Validez de disposición constitucional...*, 32 LPRA

Ap. V, R. 21.3, dispone que, ante la impugnación de una ley, <u>en algún pleito en que el Estado no sea parte</u>, el tribunal deberá notificar tal impugnación al Secretario de Justicia. Ahora, descansa en la sana discreción del juzgador, de considerarlo necesario, ordenar o preterir la comparecencia del Estado.[7] En este caso y en el ejercicio de su discreción, la instancia municipal no dio paso al cuestionamiento constitucional del peticionario. Con relación a este foro revisor, el señor Delgado Rodríguez tampoco nos ha persuadido para contravenir la determinación judicial. Por lo dicho, colegimos que el recurso discrecional que nos ocupa no satisface los criterios contenidos en la Regla 52.1 de Procedimiento Civil, *supra*, ni los de la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Conforme lo expuesto, acordamos denegar el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.  El Juez Sánchez Báez concurre sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Véase, Comité Asesor Permanente de Reglas de Procedimiento Civil, *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 276.