ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>CANDIDO OBED APONTE VELLÓN<br><br>Peticionario | TA2025CE00441 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HSCR201100809<br><br>Sobre:<br><br>A199/Robo Agravado |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de octubre de 2025.

El 9 de septiembre de 2025, Cándido Obed Aponte Vellón, en adelante el peticionario o Aponte Vellón, por derecho propio, presentó un escrito titulado *Moción de Apelación Referente a la Moción Sometida por Mi Persona al Honorable Tribunal de Primera Instancia, Sala de Humacao*.

Revisado el recurso, los apéndices incluidos y el Sistema Electrónico de Bibliotecas Integradas (SEBI), declinamos intervenir.

## I.

De los documentos ante nuestra consideración surge que el señor Aponte Vellón se encuentra en una institución del Departamento de Corrección en custodia mediana. Aponte Vellón cumple una sentencia por ochenta y un (81) años emitida el 18 de mayo de 2015[1], por los delitos de robo agravado[2], veinticinco

---

[1] Verificado en el Sistema Electrónico de Bibliotecas Integradas Recurso KLAN201500900.
[2] Art. 199 del Código Penal de 2004, 33 LPRA sec. 4827.

(25) años; infracción al Art. 5.04 de la Ley de Armas[3], cinco (5) años de reclusión, pena que fue duplicada a diez (10) años por virtud del Art. 7.03[4] de la Ley de Armas; infracción al Art. 5.05 de la Ley de Armas[5], tres (3) años de reclusión, pena que fue duplicada a seis (6) años por virtud del Art. 7.03 de la Ley de Armas y veinte (20) años por la infracción al Art. 5.15[6] de la Ley de Armas, pena que fue duplicada a cuarenta (40) años, por virtud del Art. 7.03 de la Ley de Armas. Se le impuso el cumplimiento consecutivo de las penas.

Según corroboramos en SEBI, el peticionario apeló la referida sentencia y el 15 de mayo de 2018, un panel de este Tribunal de Apelaciones la confirmó[7]. En ese entonces el foro primario evaluó al detalle la apreciación de la prueba, así como las penas que se le impuso al aquí peticionario. En particular, analizó el derecho vigente sobre el concurso de delitos, la Ley de Armas de 2020, la normativa relacionada al proceso de identificación del sospechoso y a la apreciación de prueba.

Años después, el peticionario regresó a este foro de revisión intermedio con un recurso de *certiorari asignado al KLCE202200409*, en el cual volvió a cuestionar la sentencia que se le impuso por los delitos de robo agravado y por la violación al Artículo 5.04 de la Ley de Armas, y la duplicidad de estas penas. El 17 de mayo de 2022, este foro de revisión intermedia emitió una Resolución en la que denegó intervenir con la petición del señor Aponte Vellón por no encontrar que el foro primario abusara de su discreción o aplicara de forma errada el derecho. Además, porque mediante el caso KLAN201500900, el peticionario planteó esencialmente las mismas controversias ante este foro

---

[3] Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2011 25 LPRA secs. 458c.

[4] Ley de Armas, *supra*, 25 LPRA sec. 460b.

[5] Ley de Armas, *supra, 25 LPRA sec.* 458 d.

[6] Ley de Armas, *supra, 25 LPRA sec.*, 458 n.

[7] KLAN201500900.

apelativo y este fue resuelto en Sentencia emitida el 15 de mayo de 2018.

Años después, en junio de 2025, Aponte Vellón presentó una *Moción informativa solicitando muy respetuosamente ser partícipe de lo que establece la Ley por medio del Código Penal a través del Artículo 67 del presente código con atenuantes*. En esta moción, Aponte Vellón le solicitó al Tribunal de Primera Instancia, que le aplicara el Artículo 67 del Código Penal de 2012 y los atenuantes del Artículo 71 de referido código.

El 2 de julio, notificada el 10 de julio de 2025, el foro primario emitió una orden en la cual indicó lo siguiente: "No ha lugar. Desde el 25 de marzo de 2025 de 2022 [sic], este tribunal atendió la misma solicitud de fue declarada no ha lugar".

El peticionario solicitó reconsideración[8] y el 13 de agosto de 2025, notificada al día siguiente, el Tribunal de Primera Instancia declaró *No Ha Lugar* la petición de reconsideración.

En desacuerdo Aponte Vellón acudió a este Tribunal de Apelaciones. En su recurso no planteó ningún señalamiento de error. No obstante, nos informó que lleva confinado aproximadamente dieciséis (16) años. Que fue sentenciado en el año 2015, a cumplir una condena de 71 años. Alegó que el 13 de agosto de 2025 sometió al Tribunal de Primera Instancia una *Moción de Reconsideración, Conforme a Derecho y al Reglamento*, pero que el 15 de agosto de 2025, el tribunal de instancia la declaró *No Ha Lugar*. Sostuvo, además, que a tenor con la Regla 192.1 de Procedimiento Criminal, *infra*, solicitaba la corrección o el cambio de la sentencia que se le impuso. Alegó que siempre se mantuvo en su posición de que era inocente, pero salió culpable. Dijo que los testigos estaban mintiendo y que al momento de los hechos él no estaba presente. Indicó que la testigo nunca lo había

---

[8] El peticionario no incluyó en el apéndice referida Moción de Reconsideración.

visto. Expresó que desde el 2010 estaba confinado, que siempre ha estudiado y trabajado, con un buen comportamiento. Señaló que era menor de 21 años y que fue un caso fabricado. Interesa que se le conceda un juicio justo e imparcial.

**II.**

**A.**

El recurso de *Certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020). A su vez, se ha indicado que "el *certiorari* es un mecanismo extraordinario que procede, discrecionalmente, cuando no hay otro mecanismo disponible." Pueblo v. Guadalupe Rivera, 206 DPR 616, 632 (2021). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz de León, 176 DPR 913, 917-918 (2009).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso,

la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*.  La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> a.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> b.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> c.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> d.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> e.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> f.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> g.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, autoriza que cualquier persona que se encuentre detenida en virtud de una sentencia condenatoria y que alegue tener un derecho a ser puesto en libertad presente una solicitud ante la sede del Tribunal de Primera Instancia que la impuso para que anule, deje sin efecto o corrija dicha sentencia. Pueblo v. Hernández Doble, 210 DPR 850, 862 (2022); Pueblo v. Torres Cruz, 194 DPR 53, 67 (2015).  Ello, en circunstancias en que se alegue el derecho a ser puesto en libertad. Pueblo v. Torres

<u>Cruz</u>, *supra*. Los fundamentos que se pueden invocar son los siguientes:

> La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o el tribunal no tenía jurisdicción para imponer dicha sentencia; o, la sentencia impuesta excede de la pena prescrita por la ley; o la sentencia está sujeta a ataque colateral por cualquier motivo [...]. 34 LPRA Ap. II.

Cabe destacar, además, que el procedimiento dispuesto por la regla en cuestión es uno de naturaleza civil, separado e independiente del procedimiento criminal cuya sentencia es impugnada. <u>Pueblo v. Hernández Doble</u>, *supra*; <u>Pueblo v. Román Mártir</u>, 169 DPR 809, 826 (2007). Por consiguiente, "es el peticionario quien tiene el peso de la prueba para demostrar que tiene derecho al remedio solicitado". Íd.

### III.

Aponte Vellón nos solicita que revisemos la sentencia que se le impuso, a tenor con la Regla 192.1 de Procedimiento Criminal, *supra*.  Alegó que es inocente y que la testigo que declaró en su contra nunca lo había visto y mintió.  También alude a que le aplica la figura del concurso de delitos del actual Código Penal de 2012.

Al evaluar el recurso y, según expusimos en los hechos que aquí reseñamos, este foro apelativo, en la Sentencia emitida en la causa KLAN201500900, evaluó las alegaciones del peticionario en torno al concurso de delitos aplicado a la Ley de Armas.  También este foro revisó el proceso de identificación del peticionario en el juicio y la apreciación de la prueba.  Luego de ese análisis concluyó que la Sentencia estaba correcta conforme a derecho.

Más adelante, el 17 de mayo de 2022, otro panel de este tribunal, en la causa KLCE202200409, emitió una *Resolución* en la cual se declinó a intervenir con la sentencia que se le impuso al

peticionario. Ello, por no encontrar que los fundamentos de la Regla 40 de nuestro Reglamento aplicaran a este caso.

Ahora, al examinar la resolución de la cual se recurre y los argumentos del peticionario, no encontramos criterio jurídico que nos mueva a variar la decisión recurrida. Sus argumentos, ya han sido previamente atendidos y resueltos, según aquí reseñado. Este recurso es de carácter discrecional y el peticionario no demostró que la Regla 192.1 de Procedimiento Criminal le aplicara, como tampoco vemos que esté presente alguno de los criterios esbozados en la Regla 40, *supra*, que justifique nuestra intervención en esta etapa.

**IV.**

Por los fundamentos antes expuestos, *denegamos* expedir el recurso solicitado.

Disponemos que la Secretaria del Departamento de Corrección y Rehabilitación debe entregar copia de esta determinación al Peticionario, en la institución correccional donde se encuentre recluido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

<br>

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones