EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* José IRLANDA, acusado y apelante.

No. 4885.—*Sometido:* Diciembre 13, 1932. *Resuelto:* Julio 26, 1933.

*Angel Fiol Negrón,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

José Irlanda fué denunciado por delito de acometimiento y agresión con circunstancias agravantes, imputándosele que siendo un varón adulto y de fuerzas corpulentas, voluntaria y maliciosamente, con intención de causar un grave daño

corporal al niño de 13 años de edad Felipe Rubero lo aco-
metió y agredió con un tubo de hierro infiriéndole una he-
rida contusa en la·cabeza, de carácter grave, que le produjo
la fractura y depresión del cráneo. Condenado por ese de-
lito con circunstancias agravantes, interpuso este recurso de
apelación.

Los motivos alegados para sostenerlo son: porque el jui-
cio no se celebró en la Corte de Distrito de Ponce dentro de
los 120 días siguientes a la radicación de los autos apelados
de la corte municipal, sin haber existido justa causa para
esa dilación; y porque no debió ser condenado con circuns-
tancias agravantes porque no se probó que las heridas in-
feridas eran graves, que el acusado era un varón adulto de
fuerzas corpulentas ni que el agredido fuera un niño.

Los autos en apelación de la corte municipal fueron
recibidos en la Corte de Distrito de Ponce el 20 de junio de
1931 y la vista como un juicio de nuevo fué señalada para el
día 23 de julio siguiente. El día anterior al señalado fué
vista con intervención del abogado del apelante una moción
del fiscal para que el juicio fuese suspendido para otra fe-
cha y la corte accedió a la petición del fiscal.

Toda la cuestión a decidir ahora sobre ese extremo es si
existió justa causa para esa suspensión acordada con la opo-
sición del apelante, pues si la hubo no existe el error alegado
en primer término, ya que desde ella hasta el día en que luego
se celebró el juicio no mediaron los 120 días a que se refiere
el artículo 448, número segundo, del Código de Enjuiciamiento
Criminal. El fiscal fundó su solicitud en una certificación
médica de la misma fecha de su petición en la que el Dr. Pas-
salacqua dice que examinó a Felipe Rubero, que la herida del
cráneo está infectada y que según informes radiográficos
por el Dr. A. Mayoral, existe la formación de secuestros, lo
cual hace necesaria una intervención quirúrgica. En vista de
esa certificación fué que la corte suspendió el juicio.

El hecho de que el agredido se encontrase en las condi-
ciones que expresaba la certificación médica nos parece que

era justa causa para la suspensión del juicio como decretó la corte inferior. En el caso de *El Pueblo* v. *Ibern*, 31 D.P.R. 917, en el que la suspensión fué decretada sin audiencia del acusado mientras un testigo esencial estaba tratando de recuperar su salud, se consideró que había justa causa para la suspensión del juicio. Además, se evitó con esa suspensión que celebrándose el juicio pudiera iniciarse después otro procedimiento si el agredido moría como consecuencia de la herida infectada o de la operación quirúrgica, evitándose así también gastos para ambas partes. En consecuencia, no existe el primer error alegado.

La ley de 10 de marzo de 1904, Estatutos Revisados 5664, dice que todo acometimiento y agresión será considerado con circunstancias agravantes en los casos que especifica. Entre ellas se encuentran las siguientes: "5ª Cuando se cometiere por un varón adulto en la persona de una mujer o niño, o por una mujer adulta en la de un niño . . . 7ª Cuando se infiere una herida grave a la persona agredida."

En el juicio se probó que el acusado es un varón adulto, porque un testigo no contradicho declaró que tenía más de 21 años de edad, pues representa tener de 35 a 36 años. También se probó que el agredido Felipe Rubero es un niño, porque no solamente así fué llamado por los testigos del fiscal, por alguno de la defensa y por el abogado de ésta, sino que el policía insular Julio Guzmán, que lo conocía desde dos años antes, declaró que tiene de 13 a 14 años de edad; y si bien es cierto que el juez de la corte dijo en una ocasión que a su parecer tiene de 14 a 16 años, también lo es que en otra manifestó que tenía de 13 a 14 años de edad. Igualmente se probó en el juicio que las heridas en la cabeza con rotura del cráneo son generalmente graves. Por consiguiente, probadas las circunstancias agravantes imputadas, no puede sostenerse tampoco el segundo y último motivo del recurso.

*La sentencia apelada debe ser confirmada.*