ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>V.<br><br>MARCELINO NIEVES FLORES<br><br>Recurrido | KLCE202301431 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Casos Núm.:<br>I1VP202300263-265<br>I1CR202300052<br><br>Sobre:<br>Art. 284 Código Penal y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2024.

La Oficina del Procurador General de Puerto Rico, en representación del Pueblo de Puerto Rico (en adelante, Peticionario o Procurador) nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez (en adelante TPI) el 3 de agosto de 2023, reducido a escrito el 8 de agosto y notificado el 4 de octubre de 2023. Mediante referida decisión, el foro primario desestimó las acusaciones presentadas contra el señor Marcelino Nieves Flores (recurrido o acusado) al amparo de la Regla 64(n)(6) de Procedimiento Criminal, *infra*.

Por las razones que exponemos, expedimos el recurso y revocamos la Resolución recurrida.

## I.

Por eventos ocurridos el 18 de noviembre de 2022, el 1ro de diciembre de 2022 se presentaron cargos criminales contra el

señor Marcelino Nieves Flores, tres cargos por violación al Artículo 284 (grave) Conspiración, amenazas o atentados contra funcionarios del sistema de justicia o sus familiares del Código Penal y una por violación al Artículo 246 (menos grave) sobre Resistencia u Obstrucción a la Autoridad del mismo código. En ese momento no se determinó causa para arresto.

El Ministerio Público solicitó la vista de determinación de causa para arresto en alzada, la cual quedó pautada para el 20 de enero de 2023. Finalmente se celebró el 10 de febrero de 2023 sin la comparecencia del imputado. Allí, el magistrado determinó causa probable en todos los cargos y fijó una fianza de $10,000.00 en los casos por el Artículo 284 del Código Penal.

Las denuncias por violación al Artículo 284 del Código Penal, supra, leían como sigue:

> El referido imputado MARCELINO NIEVES FLORES, allá en o para el día 18 de .noviembre de 2022 y en Mayagüez, Puerto Rico que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Mayagüez, amenazó al Agte. Aurelio Jiménez Román, pl. 21758, Agente de la Policía de Puerto Rico mientras se encontraba realizando sus funciones y en el ejercicio de las responsabilidades oficiales asignadas a su cargo. Consistente en que el imputado le indicó al Agte. Jiménez que iba bajar su dedo para que sus amigos lo mataran en el negocio mientras este se encontraba en un plan de trabajo. Sintiendo este temor por su vida y su seguridad.

Las otras dos denuncias leían de forma similar en cuanto a los agentes Carlos Fábregas Morales y Sigfredo Arce Izquierdo.

El 13 de febrero de 2023 se diligenció la orden de arresto, el imputado prestó fianza y quedó citado para el 1ro de marzo de 2023 para la celebración de la vista preliminar de conformidad a la Regla 23 de Procedimiento Criminal, 34 LPRA sec. 23.

El **1 de marzo de 2023**, el recurrido acudió a la vista, pero sin representación legal, por lo que la vista quedó pautada para el **10 de abril de 2023**. Ese día, el señor Nieves Flores no

compareció pues había sido arrestado por las autoridades federales.  Ante ello, la vista preliminar se reseñaló para el **4 de mayo de 2023**, además se le requirió al Ministerio Público hacer las gestiones correspondientes para que el recurrido fuera llevado al tribunal primario.

A petición del Ministerio Público, el **13 de abril de 2023**, el TPI emitió el Auto de *Habeas Corpus Ad Prosequendum*.  No obstante, el **4 de mayo de 2023**, el señor Nieves Flores no fue llevado a la vista, por lo que el Tribunal expidió Orden requiriendo el traslado de confinado[1] y reseñaló la vista para el **18 de mayo de 2023**.  Ese día, el señor Nieves Flores tampoco acudió al tribunal.  Entonces, la defensa solicitó la desestimación a tenor con la Regla 64 (n) de Procedimiento Criminal por haber transcurrido los términos para la celebración de la vista de la Regla 6 en alzada y por no haberse celebrado la Vista Preliminar en el término reglamentario. El foro primario expidió orden requiriendo traslado de confinado para la vista próxima vista a celebrarse el **15 de junio de 2023**.[2]

Entretanto, el 13 de junio de 2023 el imputado presentó por escrito la Moción de Desestimación a tenor con la Regla 64(n)(6) de Procedimiento Criminal por transcurrir el término para la celebración de la Vista Preliminar.  Expuso que la Vista Preliminar fue citada en cuatro ocasiones los días: 1ro de marzo, 10 de abril, 4 de mayo y 18 de mayo de 2023 y en ninguna el señor Nieves Flores pudo comparecer por razones no atribuibles a él.

Llegado el **15 de junio de 2023**, el señor Nieves Flores, tampoco fue llevado a la audiencia.  El TPI expidió otra Orden requiriendo el traslado del confinado.

---

[1] Resolución, apéndice pág. 34.
[2] Resolución, apéndice pág. 35.

Así las cosas, el **30 de junio de 2023**, el Ministerio Público presentó una Contestación a Moción de Desestimación. En síntesis, esbozó que fue diligente en presentar el correspondiente *Detainer* y el *Habeas Corpus Ad Prosequendum* y que los alguaciles diligenciaron las órdenes del tribunal. Expuso que, de haber existido una demora, no fue intencional y existe justa causa. Además, indicó que tampoco se le ha causado un perjuicio al acusado. Por ello, aludió que el remedio solicitado por el señor Nieves Flores no procedía.

Para el **6 de julio de 2023** se pautó la vista preliminar y el señor Nieves Flores tampoco acudió, por lo que el TPI expidió otra Orden requiriendo el traslado del confinado.

Así las cosas, el **3 de agosto de 2023** se celebró la vista preliminar y evidenciaria. En esta ocasión el señor Nieves Flores compareció. En la audiencia, el Ministerio Público explicó que el agente Fábregas Morales no acudió por razones de salud. En cuanto al agente Jiménez Román, el Ministerio Fiscal desconocía las razones para su ausencia. Luego de que ambas partes argumentaran la solicitud de desestimación, y tras el testimonio del señor Nieves Flores en cuanto al perjuicio causado, el foro primario decretó desestimar bajo la Regla 64(n)(6) de Procedimiento Criminal por haberse vulnerado el derecho del acusado a un juicio rápido.

En la Resolución emitida el 3 de agosto, reducida a escrito el 8 de agosto de 2023, el foro primario explicó que no existía justa causa para la demora en la atención de la Vista Preliminar en su fondo dentro de los parámetros de razonabilidad. El foro

de instancia incluyó una tabla con el tracto procesal y un resumen de lo ocurrido en cada fecha.

Explicó el TPI que desde que el acusado fue ingresado en la cárcel federal, un total de cinco (5) ocasiones no fue producido, físicamente ni por videoconferencia, para los actos que se celebraron en la esfera estatal. Agregó el foro de instancia lo siguiente:

> En el presente caso la institución carcelaria federal, en reiteradas ocasiones ha hecho caso omiso a las órdenes emitidas por el Tribunal sin mostrar justa causa para ello. Ante lo cual, después de excedido el término dispuesto por las Reglas de Procedimiento Criminal para la celebración de la Vista Preliminar, el Tribunal no puede seguir tomando como justa causa de forma indefinida lo concerniente a que el imputado no fue trasladado sin que se mostrase razón válida para ello. Sumado al hecho que, en el último señalamiento, aunque fue por primera vez producido el imputado, el Ministerio Público no se encontraba preparado para la celebración de la vista. Debido a la incomparecencia de dos testigos esenciales, uno de los cuales ni siquiera mostró causa por su incomparecencia, habiendo quedado debidamente citado en corte abierta en la vista anterior. A su vez, destacamos que es necesario salvaguardar el debido proceso de ley que asiste al acusado consagrado en nuestra Constitución.

Inconforme con esta determinación, el Estado, a través de la Oficina del Procurador acudió ante nos mediante el presente *recurso de Certiorari*, en el cual señala, que erró el Tribunal de Primera Instancia al:

> Desestimar las denuncias en virtud de la Regla 64(n)(6) de Procedimiento Criminal, sin realizar un balance razonable de los criterios conforme lo dispone la propia Regla 64(n) de Procedimiento Criminal, y sin establecer que hubo justa causa para la dilación de los términos de juicio rápido, ignorando lo resuelto en Smith v. Hooey, supra y Dickey v. Florida, supra, pues el Ministerio Público realizó gestiones continuas para procurar la comparecencia del recurrido, quien se encuentra sumariado por delitos cometidos a nivel federal. Además, que justificó la primera ausencia de uno de los testigos perjudicados (razón médica) y señaló que estaba preparado para iniciar la vista preliminar con la prueba disponible.

El recurrido presentó su posición. Con el beneficio de ambas comparecencias y luego de escuchar la regrabación de la vista evidenciaria celebrada el 3 de agosto de 2023, disponemos.

**II.**

**A**.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352 (2020). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz De León, 176 DPR 913, 917-918 (2009). Sin embargo, esa discreción no es irrestricta. Pueblo v. Rivera Montalvo, *supra*. Así, se ha reiterado que los jueces, "so pretexto de ejercer su discreción, no puede[n] olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia". Pueblo v. Rivera Montalvo, *supra*; Negrón v. Srio. de Justicia, 154 DPR 79, 91 (2001), citando a Pueblo v. Ortega Santiago, 125 DPR 203, 214 (1990).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); García v. Padró, 165 DPR 324, 334 (2005); Pueblo v. Ortega Santiago, *supra*, pág. 211. El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo

v. Ortega Santiago, *supra*, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581; S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

En los casos en que recaiga una determinación de causa probable para arresto por la comisión de un delito grave según la Regla 6 de Procedimiento Criminal, 34 LPRA sec. 6, procederá la celebración de una vista preliminar. Pueblo v. Martínez Hernández, 208 DPR 872, 880-881 (2022).

En cuanto al juicio rápido, la Sexta Enmienda de la Constitución de Estados Unidos, así como el Art. II, Sec. 11 de la Constitución de Puerto Rico, LPRA, Tomo 1, reconocen que todo acusado tiene el derecho a un juicio rápido. Este derecho está anclado en vindicar el derecho constitucional del acusado y el derecho a la sociedad a que se juzgue sin dilación alguna a los que infringen la ley. Pueblo v. Martínez Hernández, *supra*, pág. 882; Pueblo v. Thompson Faberllé, 180 DPR 497, 502 (2010).

El derecho a juicio rápido abarca desde la imputación inicial del delito hasta el juicio en su fondo. Pueblo v. Martínez Hernández, *supra*, pág. 882; Pueblo v. Opio Opio, 104 DPR 165, 169 (1974). En miras de viabilizar esta norma constitucional, la Regla 64(n) de Procedimiento Criminal, *supra*, instrumenta los términos que deben transcurrir en las distintas etapas del proceso penal contra la persona imputada. Pueblo v. Martínez Hernández, *supra*.

En especial, la Regla 64, 34 LPRA Ap. II. R. 64, indica:

La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

(n) Que existen una o varias de las siguientes circunstancias, **a no ser que se demuestre justa causa** para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
[………]

(5) Que la persona estuvo detenida en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiere celebrado la vista preliminar en los casos en que deba celebrarse.

(6) Que no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse. (Énfasis nuestro).

Así pues, los términos de juicio rápido no son fatales, por lo cual pueden extenderse ya sea por justa causa, por demora atribuible al acusado o si el imputado consiente a ello. Pueblo v. Martínez Hernández, *supra*, pág. 883, véase Regla 64(n) de Procedimiento Criminal, *supra*; Pueblo v. Carrión, 159 DPR 633, 641 (2003).

Ahora bien, agrega la citada Regla 64 (n) lo siguiente:

Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
(1) Duración de la demora;
(2) razones para la demora;
(3) si la demora fue provocada por el acusado o expresamente consentida por éste;
(4) si el Ministerio Público demostró la existencia de justa causa para la demora, y
(5) Los perjuicios que la demora haya podido causar.

Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.

Ninguno de los mencionados criterios es determinante en la adjudicación del reclamo del acusado; más bien, el valor que se le confiera a cada uno de ellos va a depender de las circunstancias relevantes que el tribunal tiene ante sí. Pueblo v. García Colón I,

182 DPR 129 (2011); Pueblo v. Valdés et al., 155 DPR 781, 792 (2001). Para que el motivo de una demora constituya justa causa, debe estar enmarcado dentro de parámetros de razonabilidad. Pueblo v. Valdés et al., *supra*, pág. 791; Pueblo v. Rivera Colón, 119 DPR 315 (1987).

Al referirse al asunto de la tardanza, el Tribunal Supremo ha expresado que la dilación, es decir, la mera inobservancia del término --sin más-- no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación. Pueblo v. Valdés et al., *supra*, pág. 793.

Por otro lado, al abordar el aspecto de las razones que provocan la inobservancia de los términos de juicio rápido, se han establecido ciertas diferencias en cuanto al rigor con el cual éstas deben ser evaluadas. Íd. Así, por ejemplo, las demoras institucionales, que, de ordinario, son imputables al "Estado" y las cuales no tienen de forma alguna el **propósito de perjudicar a la persona imputada o acusada, serán tratadas con *menos rigurosidad* que las intencionales**, cuyo fin es entorpecer la defensa del imputado. Pueblo v. Valdés et al., *supra*, pág. 793; Pueblo v. Rivera Tirado, 117 DPR 419 (1986). (Énfasis nuestro). Ello, no obstante, el hecho de que las demoras no intencionales merezcan un trato más laxo, no supone que las mismas, ausentes otras circunstancias, justifican la inobservancia de los términos de juicio rápido. Pueblo v. García Vega, 186 DPR 592, 612 (2012); Pueblo v. Valdés et. al, *supra,* pág. 794. Para ello, el estado debe realizar esfuerzos razonables de buena fe para trasladar al acusado. Véase Dickey v. Florida, 398 US 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), citando a Smith v. Hooey, 393 US 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). ("State had a duty to

make a diligent and good-faith effort to secure the presence of the accused from the custodial jurisdiction and afford him a trial.")

De otro lado, se ha reconocido que la enfermedad de un testigo esencial se considera justa causa para la suspensión de un juicio. Pueblo v. García Colón I, 182 DPR 129, 144 (2011); Pueblo v. Irlanda, 45 DPR 586, 588-589 (1933); Pueblo v. Ibern, 31 DPR 917, 921 (1923).   En esa línea se ha indicado que el quebrantamiento de salud de un testigo esencial o de un funcionario público involucrado en el procesamiento criminal, es una causa de fuerza mayor que no puede ser controlada por el Estado. Pueblo v. García Colón I, supra.

Recapitulamos que, una vez el imputado de delito reclama oportunamente una violación a los términos estatuidos en la Regla 64(n) de Procedimiento Criminal, el Ministerio Público tiene el peso de demostrar la justa causa para la dilación. Pueblo v. García Vega, supra; Pueblo v. Valdés Medina, supra.   En cambio, es el acusado quien tiene que probar el perjuicio que resulta de la tardanza. Al hacerlo, no tiene que demostrar un estado de indefensión, sino el perjuicio sufrido en específico. Pueblo v. García Vega, supra.  No puede ser abstracto ni puede apelar a un simple cómputo de rigor matemático. Tiene que ser real y sustancial. Pueblo v. García Vega, supra, pág. 612, citando a Pueblo v. Rivera Tirado, supra, pág. 438.

Por la naturaleza variable y flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, supra, debe realizarse caso a caso y a la luz de la totalidad de las circunstancias. Pueblo v. Custodio Colón, 192 DPR 567, 583 (2015).  Una vez el Tribunal de Primera Instancia determine que no hubo justa causa,

procederá la desestimación del proceso penal. <u>Pueblo v. Martínez Hernández</u>, *supra*, pág. 883.

**III.**

El Procurador General sostuvo que el foro primario erró al determinar que el Estado tenía que justificar las razones por las cuales las autoridades federales no trasladaron al recurrido, quien estaba sumariado en el centro federal. Indicó que el Ministerio Público actuó de buena fe y diligentemente para conseguir que el señor Nieves Flores fuera producido a tiempo. Señaló que las autoridades locales no pueden ejercer poder sobre las federales.[3] Agregó que el 3 de agosto de 2023 el recurrido fue producido por las autoridades federales, pero dos testigos perjudicados no se encontraban en sala, uno de ellos por razones de salud. Indicó que contaba con la mitad de la prueba y podía comenzar la vista preliminar. De otro lado, mencionó que la defensa del recurrido no demostró cual fue el perjuicio que ocasionó la presunta demora en que se celebrara la vista preliminar.

El recurrido, por su parte, alegó que la demora en celebrar la vista preliminar tampoco le es atribuible. Agregó que invocó oportunamente su derecho a juicio rápido. Sostuvo que existían otros mecanismos para la comparecencia del acusado, adicionales al *Detainer* y al *Habeas Corpus ad Prosequendum,* como lo sería la videoconferencia. Expuso que el día de la vista evidenciaria uno de los perjudicados no compareció ni se excusó. Indicó que el TPI concluyó que el Ministerio Público no estaba preparado para la vista preliminar, hecho que no fue refutado por fiscalía. Reiteró que la decisión del TPI fue la correcta en derecho. Evaluamos.

---

[3] Citando a <u>Pueblo v. Casellas Toro</u>, 197 DPR 1003,1011 (2017); <u>Puerto Rico v. Sánchez Valle</u>, 579 US 59, 73 (2016).

De los hechos que informa esta causa surge que 13 de febrero de 2023 se diligenció la orden de arresto contra el señor Nieves Flores. Este prestó fianza y quedó citado para el 1ro de marzo de 2023 para la celebración de la vista preliminar de conformidad a la Regla 23 de Procedimiento Criminal. Ese día el imputado compareció a la vista sin representación legal.

Así las cosas, el foro primario pautó la vista preliminar para el 10 de abril de 2023. Llegado el día, el imputado no compareció por estar sumariado en el *Metropolitan Detention Center* en Guaynabo. Ante ello, a petición del Ministerio Fiscal, el 13 de abril de 2023 el Tribunal emitió una orden de Auto de *Habeas Corpus Ad Prosequendum*, dirigida al Secretario de Justicia de los EEUU; al Alguacil Federal para el Distrito de Puerto Rico; Alcaide de la Institución Federal "Metropolitan Detention Center" Guaynabo y cualquier agente estatal o federal o alguacil estatal o federal. Esa orden se emitió con el fin de que el acusado fuese llevado al Tribunal de Primera Instancia, Sala de Mayagüez a la vista del **4 de mayo de 2023** y en fechas subsiguientes que señale referido foro.

A la vista del 4 de mayo el acusado no compareció, a pesar de que el foro primario había emitido una orden a la entidad federal para que lo trasladaran a la vista. A las vistas señaladas para los días 18 de mayo, el 15 de junio y el 6 de julio de 2023 el imputado tampoco fue trasladado de la entidad federal a la estatal.

Finalmente, el 3 de agosto de 2023 el acusado compareció a la vista preliminar y evidenciaria. La vista evidenciaria se llevó a cabo. Los procesos en cuanto al a vista preliminar no se pudieron iniciar por la ausencia de un testigo perjudicado. En este punto, el Tribunal le preguntó al Ministerio Público si estaba listo

para la vista preliminar y el fiscal indicó que tenía la mitad de la prueba, pero no podía terminar la vista preliminar.[4] Acto seguido, el imputado testificó sobre su alegado perjuicio de que el caso no fuese atendido a tiempo.

El foro primario decretó desestimar los cargos por violación al juicio rápido. Para arribar a esta determinación indicó que, "la institución carcelaria federal, en reiteradas ocasiones ha hecho caso omiso a las órdenes emitidas por el Tribunal sin mostrar justa causa para ello."[5] Agregó que "el Tribunal no puede seguir tomando como justa causa de forma indefinida lo concerniente a que el imputado no fue trasladado sin que se mostrase razón válida para ello." A esto, el Tribunal añadió que el día de la vista uno de los testigos no compareció, a pesar de que estaba citado.

Luego de evaluar los planteamientos de las partes, el expediente, la regrabación de la vista, a la luz de las normas jurídicas reseñadas, debemos revocar la resolución recurrida.

Justipreciamos que el motivo de la demora no ocurrió por actos atribuibles al Estado, sino porque el acusado se encontraba detenido en la institución federal en Guaynabo. Ante ello, el Estado procuró la comparecencia oportuna del imputado, al obtener las órdenes para que el ente federal lo llevara a las vistas pautadas. De esta forma el Estado realizó esfuerzos razonables de buena fe para lograr que el acusado estuviera presente en las vistas. No obstante, una vez diligenciadas las órdenes, le correspondía al ente federal trasladar al acusado al foro primario, pero ello no sucedió. En este punto, el tribunal reconoció en la Resolución que revisamos, que la institución federal hizo caso omiso a las órdenes del tribunal, sin mostrar justa causa.

---

[4] Regrabación de la vista evidenciaria de 3 de agosto de 2023, minuto 25:00 en adelante.
[5] Apéndice pág. 35.

De manera que, es forzoso concluir que la incomparecencia del acusado no fue causada por algún acto intencional del Estado, sino porque el custodio del señor Nieves Flores, quien era el ente federal, no lo trasladó a las vistas. Así pues, es evidente que la demora no fue atribuible al Estado y este demostró justa causa para la dilación del proceso. Ante ello, debió tratarse con menos rigurosidad el asunto del juicio rápido, según lo establecido en nuestro ordenamiento jurídico.

En cuanto a la incomparecencia de dos testigos esenciales al último señalamiento, cuando por primera vez fue producido el acusado, uno de ellos tenía un asunto médico[6]. Esto también constituye justa causa para la suspensión de un juicio. Según reseñamos, el quebrantamiento de salud es un evento de fuerza mayor que no puede ser controlada por el Estado. Véase Pueblo v. García Colón I, *supra*.

En estas circunstancias, decretamos la existencia de razones válidas y razonables para la demora en la atención de la vista preliminar. Esto es, quedó debidamente justificado la extensión de los términos de juicio rápido. Por ello, procede revocar la Resolución aquí recurrida.

**IV.**

Por las razones antes expresadas, decretamos expedir el auto de *certiorari* y revocar la Resolución recurrida.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Véase Resolución, apéndice pág. 31.