ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>V.<br><br>LUIREYCA ROBLES CINTRÓN<br><br>Recurrida | KLCE202400726 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Casos Crim. Núm.:<br>D VP2023-2691<br>D VP2023-2692<br><br>Sobre:<br>Artículos 182 y 184D del Código Penal de 2012 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 21 de agosto de 2024.

La Oficina del Procurador General de Puerto Rico, en representación del Pueblo de Puerto Rico (en adelante, Peticionario o Procurador) nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Bayamón (en adelante TPI) el 1ro de marzo de 2024, notificado el 27 de marzo de 2024. Mediante referida decisión, el foro primario desestimó las acusaciones presentadas contra Luireyca Robles Cintrón (Robles Cintrón o recurrida) al amparo de la Regla 64(n)(6) de Procedimiento Criminal, *infra*.

Por las razones que exponemos a continuación, expedimos el recurso y revocamos la Resolución recurrida.

## I.

El 13 de diciembre de 2023, el Ministerio Público presentó denuncias contra Luireyca Robles Cintrón, por eventos ocurridos

el 28 de junio de 2023 y el 12 de diciembre de 2023. Dos denuncias imputaron la violación al Artículo 182 del Código Penal de Puerto Rico, 33 LPRA sec. 5252, sobre apropiación Ilegal Agravada (delito grave) y las otras dos, cargos por violación al Artículo 184 (d) de referido Código, 33 LPRA sec. 5254, sobre ratería o hurto de mercancía en establecimientos comerciales (menos graves).

Las denuncias por violación al Artículo 182 (delito grave) del Código Penal indican lo siguiente:

Fecha de los hechos el 28 DE JUNIO DE 2023 de la siguiente manera:

LUIREYCA ROBLES CINTRÓN ALLÍ Y ENTONCES EN FECHA, HORA ANTES MENCIONADA Y EN LA TIENDA MARSHALLS DE REXVLLE PLAZA, EN BAYAMÓN, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA DE BAYAMÓN, ILEGAL, A PROPÓSITO, Y CON CONOCIMIENTO SE APROPI[Ó] DE MERCANCÍAS DE UN ESTABLECIMIENTO COMERCIAL, REMOVIÓ LA MERCANCÍA, SIN PAGAR EL PRECIO ESTIPULADO POR EL COMERCIANTE, LA MERCANCÍA APROPIADA ES 4 BOCNAS JBL. PERTENECENTES A LA TIENDA MARSHALLS DE REXVLLE PLAZA, REPRESENTADO POR ERNESTO JAVIER RIVERA ARROYO, EL VALOR TOTAL DE LA PROPEDAD ES DE $1,109.96 DÓLARES. EL ESTABLECMIENTO SE ENCONTRABA ABIERTO AL PÚBLICO GENERAL, DENTRO DEL HORARIO ESTABLECIDO PARA OFRECER SERVICIOS.

Fecha de los hechos el 12 DE DICIEMBRE DE 2023 A LAS 7:20 PM de la siguiente manera:

LUIREYCA ROBLES CINTRÓN ALLÍ Y ENTONCES EN FECHA, HORA ANTES MENCIONADA Y EN LA TENDA MARSHALLS DE REXVLLE PLAZA, EN BAYAMÓN, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRMERA NSTANCIA DE PUERTO RICO, SALA DE BAYAMÓN, ILEGAL, A PRÓPOSITO Y CON CONOCIMENTO SE APROPI[Ó] DE MERCANCÍAS DE UN ESTABLECMENTO COMERCIAL, REMOVIÓ LA MERCANCÍA, SIN PAGAR EL PRECIO ESTPULADO POR EL COMERCIANTE LA MERCANCÍA APROPIADA ES 4 CAJAS DE RASURADORAS, 1 KAREOKE, 1 AUDFONOS, 3 BOCINAS BLUETOOTH MARCA DL, 1 JAMPER PERTENECIENTE A LA TENDA MARSHALLS DE REXVLLE PLAZA, REPRESENTANDO POR ERNESTO JAVIER RIVERA ARROYO, EL VALOR

TOTAL DE LA PROPIEDAD ES DE $919.83 DÓLARES. EL ESTABLECMIENTO SE ENCONTRABA ABIERTO AL PÚBLICO GENERAL DENTRO DEL HORARIO ESTABLECIDO PARA OFRECER—CONTNÚA-.

Las denuncias por infracción al Artículo 184 (d)

(menos grave) del Código Penal, supra, leen así:

Fecha de los hechos el 28 DE JUNIO DE 2023 de la siguiente manera:

LUIREYCA ROBLES CINTRÓN, ALLÍ Y ENTONCES EN FECHA, HORA ANTES NENCIONADA Y EN LA TIENDA MARSHALLS DE REXVILLE PLAZA, EN BAYAMÓN, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRMERA INSTANCIA DE PUERTO RICO, SALA DE BAYAMÓN, ILEGAL, A PROPÓSITO, Y CON CONOCMENTO SE APROPIÓ DE MERCANCÍAS DE UN ESTABLECMIENTO COMERCIAL, REMOVIÓ LA MERCANCÍA, SIN PAGAR EL PRECIO ESTPULADO POR EL COMERCIANTE. LA MERCANCÍA APROPIADA ES 4 BOCNAS JBL, PERTENECIENTES A LA TIENDA MARSHALLS DE REXVILLE PLAZA, REPRESENTADO POR ERNESTO JAVIER RIVERA ARROYO, EL VALOR TOTAL DE LA PROPIEDAD ES DE $ 1,109.96 DÓLARES. EL ESTABLECIMIENTO SE ENCONTRABA ABIERTO AL PÚBLICO GENERAL, DENTRO DEL HORARIO ESTABLECIDO PARA OFRECER SERVICIOS.

Fecha de los hechos el 12 DE DICIEMBRE DE 2023 ALAS 7:20PM de la siguiente manera:

LUIREYCA ROBLES CINTRÓN, ALLÍ Y ENTONCES EN FECHA, HORA ANTES MENCIONADA Y EN LA TIENDA MARSHALLS DE REXVILLE PLAZA, EN BAYAMÓN, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERIO RICO, SALA DE BAYAMÓN, CON EL PRÓPOSITO DE APROPIARSE ILEGALMENTE DE MERCANCÍA DE UN ESTABLECIMIENTO COMERCIAL, PARA SÍ, SIN PAGAR EL PRECIO ESTIPULADO POR EL COMERCIANTE, REMOVIÓ LA NERCANCÍA DE LA TENDA MARSHALLS DE REXVILLE PLAZA. LA MERCANACÍA APROPIADA ES: 1 AUDFONO MARCA JBL MODELO QUANTUM 200. 4 MÁQUINAS DE AFEITAR MARCA CONAIR MAN, 1 JAMPER DE TELA Y 1 KIT CLAIMBER SET, PERTENECIENTES A LA TIENDA MARSHALLS, REPRESENTADO POR ERNESTO JAVER RIVERA ARROYO, EL VALOR TOTAL DE LA PROPIEDAD ES DE $919.83 DÓLARES. EL ESTABLECMIENTO SE ENCONTRABA ABIERTO AL PÚBLICO---CONTINÚA---.

Ese día, el Tribunal de Instancia determinó causa probable para arresto contra la señora Robles Cintrón, más le impuso una fianza, la cual prestó.

La vista preliminar para atender los cargos por infracción al Artículo 182 del Código Penal fue pautada para el 27 de diciembre de 2023. A la audiencia comparecieron los testigos agente Jonathan Alicea Díaz, agente Luis Ruiz Romero, el agente Orlando López Serrano y Ernesto Javier Rivera Arroyo. El Ministerio Público se encontraba preparado, no obstante, la defensa solicitó la transferencia de la vista. El Tribunal fijó nueva fecha para el 24 de enero de 2024 con cargo a la defensa. Todos los testigos quedaron citados en corte abierta.

El Tribunal suspendió el segundo señalamiento de 24 de enero de 2024 porque no estaba presente el testigo del Ministerio Público, agente Luis Ruiz Romero. Ante ello, reseñaló la vista para el 26 de febrero, último día de los términos, con cargo al Ministerio Público.

A la vista del 26 de febrero de 2024, el testigo agente Jonathan Alicea Díaz no compareció. El Ministerio Público alegó que ese testigo era indispensable. Ante ello, la defensa de Robles Cintrón solicitó la desestimación de la acción, a tenor con la Regla 64 (n) de Procedimiento Criminal, infra. El Ministerio Público arguyó que el término de 60 días de juicio rápido, cuando la persona no está sumariada, no es estricto y procede tomar en consideración distintos factores, por lo que solicitó un señalamiento adicional. A preguntas del Ministerio Público, el agente López Serrano informó al Tribunal que el agente Alicea Díaz tuvo una emergencia con su esposa y que estaba en el hospital. A esto, el Ministerio Público informó que la ausencia no era caprichosa, sino que respondía a una emergencia familiar, lo

que estiman justa causa para no comparecer. Tras ello, el Ministerio Público solicitó otro señalamiento para ventilar los casos en sus méritos.

Por su parte, la Defensa alegó que caso ha tenido otros señalamientos y el Ministerio Público no ha tenido la prueba completa. Mencionó que el agente Alicea Díaz no se comunicó con el Tribunal para exponer la situación que alegadamente tenía. Entendió que no existía justa causa para posponer el caso y que el Ministerio Público no sufría perjuicio pues podía volver a someter el caso.

El Tribunal manifestó que, según el expediente, el agente Alicea Díaz siempre había comparecido. A su vez, verificó con el alguacil que el agente Alicea Díaz no había comparecido ni se había excusado. Así pues, reseñaló una vista de justa causa para verificar la incomparecencia del agente Alicea Díaz. La defensa reiteró la solicitud de que el caso fuera desestimado.

Luego de escuchar los argumentos de ambas partes, el Tribunal pautó para el día siguiente, 27 de febrero, una vista para que el Ministerio Público demostrara justa causa para la incomparecencia del agente Alicea Díaz.[1]

El 27 de febrero, el Tribunal verificó que todos los agentes testigos estuviesen presentes. El agente Jonathan Alicea Díaz explicó que su incomparecencia a la vista del día anterior se debió a que tuvo que acudir al Doctor's Center en Manatí desde las 7 am hasta las 9 de la mañana. Tras ello, el Ministerio Público le indicó al Tribunal que el agente explicó la razón para su incomparecencia, que tenía la prueba completa y que sería un acto "radical" desestimar el caso, teniendo la prueba presente.

---

[1] Regrabación de los procedimientos, Anejo V-C de la Petición de Certiorari.

La Defensa, por su parte, indicó que no había razón para que el Agente no se comunicara con el Tribunal, pues estuvieron en el tribunal hasta las 12 del mediodía y el agente Alicea Díaz salió a las 9 de la mañana. Agregó que no era una cita previa y que no había circunstancia que ameritara ausentarse de los procedimientos. Mencionó que el agente Alicea Díaz no llevó documento alguno que acreditara la situación que le impedía llegar al tribunal, por lo que no se demostró justa causa. En cuanto a la imputada, indicó que ello le causa perjuicio en el aspecto sicológico.

El Ministerio Público indicó que el término extendido era solo de un día y que quien debía demostrar perjuicio era la imputada, no el abogado. La Defensa indicó que la vista era para la justa causa, no para determinar el perjuicio a la imputada.

Evaluados los argumentos, el Tribunal indicó que el caso se atendió a las 10:22 a 10:37 de la mañana y que el Agente Alicea Díaz nunca se comunicó con el Tribunal ni informó lo que estaba sucediendo. Entendió el foro primario que, al no existir evidencia en cuanto al tratamiento médico que recibió el Agente Alicea Díaz, no había justa causa. Consecuentemente, ordenó la desestimación por la Regla 64 (n)(6) de Procedimiento Criminal.[2]

El 1ro de marzo de 2024, notificado el 27 de marzo, el foro primario emitió una Resolución sobre Vista Preliminar de la Regla 23 de Procedimiento Criminal. Allí decretó desestimar las acusaciones, por delito grave, presentadas contra Luireyca Robles Cintrón al amparo de la Regla 64(n)(6) de Procedimiento Criminal.

En desacuerdo, el Ministerio Público solicitó Reconsideración. El 24 de abril, la imputada Robles Cintrón se

---

[2] Regrabación de los procedimientos, Anejo V-D del Recurso de Certiorari.

opuso. Mediante Orden notificada el 31 de mayo, el foro primario denegó la solicitud de reconsideración del Ministerio Público. En esta, expresó que "[e]l Ministerio Público no demostró justa causa para la incomparecencia del agente Jonathan Alicea Díaz […] a la vista preliminar aun cuando era el último día de los términos. El Ministerio Público no presentó certificación médica del agente Jonathan Alicea Díaz."[3]

Inconforme aun, el 1ro de julio de 2024 el Pueblo de Puerto Rico, representado por la Oficina del Procurador General presentó el presente recurso en el que arguyó que el foro primario incidió:

> Primero: Al desestimar las denuncias en virtud de la Regla 64 (n)(6) de Procedimiento Criminal, sin realizar un balance razonable de los criterios, conforme lo dispone la propia Regla 64(n) de Procedimiento Criminal, al haberse apegado a un simple cálculo aritmético que da como resultado la demora de un solo día.
>
> Segundo: Al emitir una minuta-resolución desestimando el cargo contra el imputado, sin expresar ni consignar por escrito los fundamentos de su determinación, conforme requiere expresamente la Regla 64 (n) de Procedimiento Criminal.

El Procurador incluyó en el Anejo V del Recurso de Certiorari, la regrabación de las vistas celebradas, las que hemos escuchado.

Con el beneficio de los escritos de ambas partes, disponemos.

## II.

## A.

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352 (2020). A diferencia del recurso de apelación, el tribunal superior puede

---

[3] Apéndice del Recurso de Certiorari, págs. 15-18.

expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz De León, 176 DPR 913, 917-918 (2009). Sin embargo, esa discreción no es irrestricta. Pueblo v. Rivera Montalvo, *supra*. Así, se ha reiterado que los jueces, "so pretexto de ejercer su discreción, no puede[n] olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia". Pueblo v. Rivera Montalvo, *supra*; Negrón v. Srio. de Justicia, 154 DPR 79, 91 (2001), citando a Pueblo v. Ortega Santiago, 125 DPR 203, 214 (1990).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); García v. Padró, 165 DPR 324, 334 (2005); Pueblo v. Ortega Santiago, *supra*, pág. 211. El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*, pág. 211. Se incurre en ello, entre otras, cuando:

> [E]l juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos.

*Id.,* págs. 211-212.

En cuanto a nuestra función revisora, se ha indicado que un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de

su discreción. <u>Pueblo v. Rivera Santiago</u>, *supra*, pág. 581; <u>S.L.G. Flores, Jiménez v. Colberg</u>, 173 DPR 843 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

En los casos en que recaiga una determinación de causa probable para arresto por la comisión de un delito grave según la Regla 6 de Procedimiento Criminal, 34 LPRA sec. 6, procederá la

celebración de una vista preliminar. Pueblo v. Martínez Hernández, 208 DPR 872, 880-881 (2022).

En cuanto al juicio rápido, la Sexta Enmienda de la Constitución de Estados Unidos, así como el Art. II, Sec. 11 de la Constitución de Puerto Rico, LPRA, Tomo 1, reconocen que todo acusado tiene el derecho a un juicio rápido. Este derecho está anclado en vindicar el derecho constitucional del acusado y el derecho a la sociedad a que se juzgue sin dilación alguna a los que infringen la ley. Pueblo v. Martínez Hernández, *supra*, pág. 882; Pueblo v. Thompson Faberllé, 180 DPR 497, 502 (2010).

El derecho a juicio rápido abarca desde la imputación inicial del delito hasta el juicio en su fondo. Pueblo v. Martínez Hernández, *supra*, pág. 882; Pueblo v. Opio Opio, 104 DPR 165, 169 (1974). Ahora bien, aun cuando el derecho a juicio rápido garantiza los derechos del acusado, "no excluye los derechos de la justicia pública". Pueblo v. Carrión, 159 DPR 633, 640 (2003), Pueblo v. González Rivera, 132 DPR 517 (1993).

Este derecho responde a las exigencias sociales de enjuiciar con prontitud a quienes son acusados de violentar sus leyes. Pueblo v. Valdés et al., 155 DPR 781, 789 (2001). Asimismo, procura proteger al acusado contra una detención opresiva, minimizar sus ansiedades y preocupaciones, y reducir las posibilidades de que su defensa se afecte. Pueblo v. Carrión, *supra*; Pueblo v. Valdés et al., *supra*, pág. 789.

En miras de viabilizar esta norma constitucional, la Regla 64(n) de Procedimiento Criminal, *supra*, instrumenta los términos que deben transcurrir en las distintas etapas del proceso penal contra la persona imputada. Pueblo v. Martínez Hernández, *supra*.

En particular, la Regla 64, 34 LPRA Ap. II. R. 64, indica:

La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

[………]

(6) Que no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse.

Así pues, los términos de juicio rápido no son fatales, por lo cual pueden extenderse ya sea por justa causa, por demora atribuible al acusado o si el imputado consiente a ello. Pueblo v. Martínez Hernández, *supra*, pág. 883, véase Regla 64(n) de Procedimiento Criminal, *supra*; Pueblo v. Carrión, supra, pág. 641.

Ahora bien, agrega la citada Regla 64 (n) lo siguiente:

Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:

(1) Duración de la demora;

(2) razones para la demora;

(3) si la demora fue provocada por el acusado o expresamente consentida por éste;

(4) si el Ministerio Público demostró la existencia de justa causa para la demora, y

(5) los perjuicios que la demora haya podido causar.

Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.

Sobre este análisis, el Tribunal Supremo ha indicado que ninguno de los mencionados criterios es determinante en la adjudicación del reclamo del acusado; más bien, el valor que se

le confiera a cada uno de ellos va a depender de las circunstancias relevantes que el tribunal tiene ante sí. Pueblo v. García Colón I, 182 DPR 129 (2011); Pueblo v. Valdés et al., supra, pág. 792. Ante ello, el Tribunal Supremo expresó en Pueblo v. Custodio Colón, 192 DPR 567, 583 (2015), que,

> **[L]a mera inobservancia del término —sin más— no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación**. Una dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese; no obstante, el remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de criterios antes esbozados. (Énfasis nuestro).

Agregó el foro Supremo que, "al momento de evaluar este criterio, debe prestarse especial énfasis en determinar si la demora fue intencional y opresiva". Id., citando a Pueblo v. Valdés et al, *supra*, pág. 793. Para que el motivo de una demora constituya justa causa, debe estar enmarcado dentro de parámetros de razonabilidad. Pueblo v. Valdés et al., *supra*, pág. 791; Pueblo v. Rivera Colón, 119 DPR 315 (1987).

Al abordar el aspecto de las razones que provocan la inobservancia de los términos de juicio rápido, se han establecido ciertas diferencias en cuanto al rigor con el cual éstas deben ser evaluadas. Pueblo v. Valdés et al., *supra*, pág. 793. Así, por ejemplo, las demoras institucionales, que, de ordinario, son imputables al "Estado" y las cuales no tienen de forma alguna el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado. Pueblo v. Valdés et al., *supra*, pág. 793; Pueblo v. Rivera Tirado, 117 DPR 419 (1986). (Énfasis nuestro). Así, las actuaciones dilatorias intencionales, cuyo fin sea entorpecer la defensa del imputado, se examinarán con mayor

rigurosidad que aquellas no intencionales provocadas por fuerza mayor, negligencia ordinaria de los funcionarios del Estado o por demoras institucionales. <u>Pueblo v. García Colón I</u>, 182 DPR 129, 144 (2011); <u>Pueblo v. Valdés et al.</u>, *supra*, pág. 793; E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 12.1, págs. 144–145.

De otro lado, se ha reconocido que la enfermedad de un testigo esencial se considera justa causa para la suspensión de un juicio. <u>Pueblo v. García Colón I</u>, supra; <u>Pueblo v. Irlanda</u>, 45 DPR 586, 588-589 (1933); <u>Pueblo v. Ibern</u>, 31 DPR 917, 921 (1923).  En esa línea, el quebrantamiento de salud de un testigo esencial o de un funcionario público involucrado en el procesamiento criminal, es una causa de fuerza mayor que no puede ser controlada por el Estado. <u>Pueblo v. García Colón I</u>*, supra.*

Recapitulamos que, una vez el imputado de delito reclama oportunamente una violación a los términos estatuidos en la Regla 64(n) de Procedimiento Criminal, el Ministerio Público tiene el peso de demostrar la justa causa para la dilación. <u>Pueblo v. García Vega</u>, 186 DPR 592, 612 (2012); <u>Pueblo v. Valdés Medina</u>, *supra*.  En cambio, es el acusado quien tiene que probar, en específico, el perjuicio que resulta de la tardanza. <u>Pueblo v. García Vega</u>, *supra*.  El perjuicio reclamado tiene que ser real y sustancial.  No puede ser en abstracto ni estar apoyado únicamente en un simple cálculo matemático. <u>Pueblo v. Custodio Colón</u>, *supra*, pág. 583-584[4].  Además, la obligación "no se descarga con generalidades." Id. Esto es distinto a las razones o

---

[4] Citando a E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 153 y a *Pueblo v. Rivera Tirado*, supra, pág. 438.

justa causa para la dilación, donde es el ministerio fiscal o el gobierno quien tiene que persuadir al Tribunal, al menos cuando la dilación o suspensión es atribuible a conducta del gobierno. Id.

Por la naturaleza variable y flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, *supra*, debe realizarse caso a caso y a la luz de la totalidad de las circunstancias. Pueblo v. Custodio Colón, *supra*.

## III.

En el primer señalamiento de error, el Procurador General alegó que el Tribunal de Primera Instancia al desestimar la acción se limitó a indicar que el Ministerio Público no demostró justa causa para la incomparecencia del agente Alicea Díaz a la vista preliminar, aun cuando era el último día de los términos. Ello, por no presentar una certificación médica. Arguyó que, conforme al texto de las Reglas de Procedimiento Criminal y la jurisprudencia, este no es el único factor para considerar. Agregó que la dilación fue solamente por un día, la imputada se encontraba libre bajo fianza y esta no demostró ningún daño real o sustancial por el retraso. Sostuvo que el Estado fue preparado con toda su prueba para presentar el caso. Ante ello, expuso que la desestimación de la acción fue una drástica y extrema, que se aparta de las normas para la evaluación y adjudicación de una solicitud de desestimación por juicio rápido.

La recurrida, por su parte, alegó que, aun si el tribunal no hubiere tenido ante sí evidencia sobre el perjuicio de la recurrida, el recurso de *certiorari* es improcedente. Ello, porque el Ministerio Público disponía del remedio que reconoce la Regla 67 de

Procedimiento Criminal[5], que le autoriza a presentar nuevamente una denuncia en casos por delito grave.  Evaluamos.

La Regla 64 (n) (6) de Procedimiento Criminal provee los fundamentos para que una acción se pueda desestimar, cuando no se celebre la vista preliminar dentro del término de 60 días del arresto de un imputado.  Ahora bien, la mera inobservancia del término, no necesariamente constituye una violación al juicio rápido ni conlleva la desestimación de la denuncia.[6] Previo a dicha determinación el foro primario debe celebrar una vista a los fines de ponderar los criterios de duración de la demora; razones para la demora; si la demora fue provocada por el acusado o expresamente consentida por éste; si el Ministerio Público demostró la existencia de justa causa para la demora, y los perjuicios que la demora haya podido causar.  Luego de evaluar estos criterios, el Tribunal debe expresar por escrito los fundamentos para su determinación.  De manera que, el remedio extremo de la desestimación sólo debe concederse luego de realizado un análisis de los criterios antes esbozados.[7]

Por la naturaleza variable y flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, *supra*, debe realizarse caso a caso y a la luz de la totalidad de las circunstancias.[8]

De los hechos que informa esta causa surge que la señora Robles Cintrón estaba libre bajo fianza, tras la determinación de

---

[5] REGLA 67. — ORDEN DESESTIMANDO EL PROCESO; CUANDO IMPIDE UNO NUEVO. (34 LPRA Ap. II, R. 67).   Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (misdemeanor) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n).
[6] Véase, Pueblo v. Custodio Colón, *supra*.
[7] Id.; véase, además, Regla 64 (n) (6).
[8] Véase Pueblo v. Custodio Colón, *supra*.

causa para arresto. El primer señalamiento para la vista preliminar estaba pautado para el 27 de diciembre de 2023, no obstante, el abogado de la defensa solicitó la suspensión. Ese día estaban presentes todos los testigos.

La segunda vista, a celebrarse el 24 de enero de 2024, fue recalendarizada para el 26 de febrero, último día de los términos, porque no estaba presente el agente Ruiz Romero, quien era testigo del Ministerio Público.

Llegado el 26 de febrero de 2024, el agente Jonathan Alicea Díaz no compareció a la vista, por lo que, el Ministerio Público solicitó una extensión del término.  La defensa, solicitó que se desestimara la acción por exceder el término de 60 días, a tenor con la Regla 64(n)(6) de Procedimiento Criminal.  Luego de escuchar los argumentos de ambas partes y de corroborar que era la primera vez que el Agente Alicea Díaz se ausentaba, el Tribunal pautó para el día siguiente, 27 de febrero, una vista para el Ministerio Público demostrara justa causa para la incomparecencia del agente.

En la vista del 27 de febrero compareció el Ministerio Público.  El foro de instancia verificó que todos los agentes estaban presentes.  Luego, el agente Alicea Díaz declaró que se ausentó a la vista porque estuvo en el Doctor´s Center de Manatí.  Por otro lado, el abogado de la Defensa, en síntesis, manifestó que el agente no se comunicó al tribunal, ni presentó algún documento sobre la situación que le impidió llegar al tribunal.  Adujo que la tardanza le causaba perjuicio, en el aspecto sicológico, a la imputada.

Tras escuchar los argumentos de ambas partes, el Tribunal manifestó que, al no existir evidencia en cuanto al tratamiento médico que recibió el Agente Alicea Díaz, no se demostró justa

causa para su incomparecencia. Así, mediante Resolución notificada el 1ro de marzo ordenó la desestimación por la Regla 64 (n)(6) de Procedimiento Criminal. En esa Resolución no explicó las razones para su determinación como lo requiere la referida Regla 64 de Procedimiento Criminal. No obstante, sí lo hizo al resolver la Moción de Reconsideración que sometió el Ministerio Público. Allí el Tribunal explicó que "[e]l Ministerio Público no demostró justa causa para la incomparecencia del agente Jonathan Alicea Díaz [...] a la vista preliminar aun cuando era el último día de los términos. El Ministerio Público no presentó certificación médica del agente Jonathan Alicea Díaz."

Ahora bien, advertimos de la determinación que revisamos que el foro primario desestimó la acción porque el Agente Alicea Díaz no demostró justa causa para su incomparecencia a un señalamiento, pues no suplió documentación que acreditara su ausencia. No obstante, este único criterio, sin considerar la totalidad de las circunstancias, resulta una medida extrema, que no podemos validar.

Tal como requiere la Regla 64 (n)(6) de Procedimiento Criminal, además de la justa causa para la demora, el Tribunal debió tomar en cuenta otros criterios y hechos materiales e importantes, tales como: la duración de la demora, razones para la demora y el perjuicio, si alguno, causado a la imputada.

La demora en este caso fue por solo **un** día de vencido el término. En cuanto al perjuicio que la demora haya podido causar, el abogado de la imputada expresó, de forma generalizada, que la tardanza afectaba el estado sicológico de su representada. No obstante, no expuso las razones concretas sobre el perjuicio que le causaba la dilación a su representaba, quien se encontraba libre bajo fianza, o en la defensa de esta.

De otro lado, el expediente no refleja que la demora respondiera a un acto intencional del Estado o realizado con el propósito de perjudicar a la imputada. Tan es así, que el foro primario manifestó en la vista del 26 de febrero que era la primera vez que el agente Alicea Díaz se ausentaba. A su vez, en la última vista, el Ministerio Público le indicó al Tribunal que estaba listo para presentar la prueba.

Así que, a la luz de la totalidad de las circunstancias, el foro primario debió analizar con menos rigurosidad, la solicitud de desestimación, según lo establecido en nuestro ordenamiento jurídico. Esto es, procedía que el foro de instancia aplicara un razonamiento más flexible al momento de evaluar y disponer de la moción de desestimación. Es por ello, que, luego de evaluar los planteamientos de las partes, el expediente, la regrabación de las vistas, a la luz de las normas jurídicas reseñadas, debemos revocar la resolución recurrida.

**IV.**

Por las razones antes expresadas, decretamos expedir el auto de *certiorari* y revocar la Resolución recurrida.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones